# EXHIBIT 2

*Kane County (5) v. United States*,
4:25-cv-59-DN-PK

**Declaration of Max Feingold**

# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
## CENTRAL DIVISION, SOUTHERN REGION

| | |
|---|---|
| **KANE COUNTY (5)**, a Utah political subdivision, and the **STATE OF UTAH**, <br><br> Plaintiffs, <br><br> v. <br><br> **UNITED STATES OF AMERICA**, <br><br> Defendant, <br><br> and <br><br> **SOUTHERN UTAH WILDERNESS ALLIANCE**, <br><br> Proposed Defendant-Intervenor. | Case No. 4:25-cv-00059-DN-PK <br><br><br> **DECLARATION OF MAX FEINGOLD** <br><br><br> Judge David Nuffer <br> Magistrate Judge Paul Kohler |

I, **MAX FEINGOLD**, declare as follows:

1. This declaration is filed in support of the Southern Utah Wilderness Alliance's ("SUWA") Motion to Intervene and Memorandum in Support in the above-captioned matter. I have personal knowledge of each of the facts set forth below, and if called upon to do so, could and would testify regarding the following.

2. I am an active member of SUWA and have been since 2018.

3. Among other reasons, I support SUWA because I am interested in the protection and conservation of federally managed wilderness-quality lands in southern Utah, including lands affected by the claimed R.S. 2477 right-of-way for the Sand Dunes Road at issue in this

case. I am especially concerned about threats to wilderness character resulting from the impacts of motorized vehicles and roads on lands managed by the Bureau of Land Management ("BLM").

4. I live in Kanab, Utah part time, approximately six months out of the year. I was most recently in Kanab in December 2025.

5. When I am in Kanab, I enjoy canyoneering, hiking, photography, and generally exploring public lands, including Coral Pink Sand Dunes State Park and nearby BLM-managed lands. I especially enjoy exploring in the Canaan Mountain Wilderness Study Area ("WSA") and recreating around the Parunuweap WSA because of the beautiful technical canyons located there, as well as the undisturbed feel of the area.

6. To get to these areas of BLM-managed lands, I have traveled the Sand Dunes Road numerous times. I use and enjoy these areas for health, spiritual, educational, recreational, aesthetic, and other purposes. I most recently traveled the Sand Dunes Road in December 2025. I take great pleasure from my visits to areas of BLM-managed lands accessed via the Sand Dunes Road and intend to return as often as possible, but certainly within the next year.

7. In addition, I am planning several hikes within the Moquith Mountain WSA, which is adjacent to the Sand Dunes Road. Specifically, I plan to hike the Indian Canyon Pictograph and Hell's Dive Canyon trails, as well as potential technical descents of the South Fork of Indian Canyon and Water Canyon. I intend to complete these hikes within the next few months.

8. My enjoyment of these activities is dependent on quiet, natural settings without the sights, sounds and impacts associated with paved roads and large vehicles. If the Sand Dunes

Road is paved, widened beyond its current disturbed width, and/or otherwise improved to accommodate more frequent large vehicle traffic, the wilderness-quality public lands adjacent to or accessed by the Sand Dunes Road will be degraded and my enjoyment of these areas will be significantly reduced or eliminated.

9. I believe paving and improving the Sand Dunes Road to accommodate large vehicle traffic will increase motorized use of the road. Such use will significantly degrade the treasured solitude, quiet, and natural and cultural resources in the Canaan Mountain, Moquith Mountain, Parunuweap, and Rosy Canyon areas. If such values and resources are degraded, my health, spiritual, educational, recreational, and aesthetic interests in visiting these public lands will be harmed. I also believe that paving and improving the Sand Dunes Road will likely result in increased illegal motorized use and generalized impact on the areas of adjacent BLM-managed lands that I enjoy visiting.

10. A judicial decision denying Plaintiffs' title to an R.S. 2477 right-of-way for the Sand Dunes Road will redress my concerns and significantly reduce the likelihood of imminent injury because Plaintiffs will have been determined not to be title holders and will not have the authority to pave, widen, or otherwise improve the Sand Dunes Road. Thus, the status quo, along with my health, spiritual, educational, recreational, and aesthetic interests in the wilderness-quality lands accessed via the Sand Dunes Road, will be preserved.

Pursuant to 28 U.S.C. § 1746, I DECLARE, under penalty of perjury, that the foregoing is true and correct.

Dated: December 16, 2025

_____
Max Feingold