Shawn T. Welch (#7113)
Richard D. Flint (#7525)
Sydney J. Sell (#17313)
B. Ryder Seamons (#19681)
HOLLAND & HART LLP
222 S. Main Street, Suite 2200
Salt Lake City, Utah 84101
Telephone: (801) 799-5800
stwelch@hollandhart.com
rdflint@hollandhart.com
sjsell@hollandhart.com
brseamons@hollandhart.com

Kathy A.F. Davis (#4022)
K. Tess Davis (#15831)
ASSISTANT ATTORNEYS GENERAL
Derek Brown (#10476)
UTAH ATTORNEY GENERAL
1594 W. North Temple, 3rd Floor
Salt Lake City, Utah 84116
Telephone: (801) 537-9801
kathydavis@agutah.gov
kaitlindavis@agutah.gov

*Attorneys for Plaintiff State of Utah*

Jeffrey Stott (#14344)
Kane County Attorney
76 N. Main Street
Kanab, Utah 84741
Telephone: (435) 644-5278
jstott@kane.utah.gov

*Attorneys for Plaintiff Kane County, Utah*

## IN THE UNITED STATES JUDICIAL DISTRICT COURT FOR THE DISTRICT OF UTAH, SOUTHERN REGION OF THE CENTRAL DIVISION

| | |
|---|---|
| KANE COUNTY, UTAH, a Utah political subdivision, and the STATE OF UTAH,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | **PLAINTIFFS' OPPOSITION TO MOTION TO INTERVENE**<br><br>Case No. 4:25-cv-00059 DN-PK<br><br>ORAL ARGUMENT REQUESTED<br><br>District Judge David Nuffer<br>Magistrate Judge Paul Kohler |

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................................ i

RELIEF REQUESTED ...................................................................................................................... 1

BACKGROUND ............................................................................................................................... 2

      A.  The Location And Features Of The Sand Dunes Road. .............................................. 2

      B.  Sand Dunes Road Litigation History ......................................................................... 3

      C.  The Tenth Circuit Court Of Appeals Has Twice Denied SUWA's Motions
          To Intervene for the Sand Dunes Road. ..................................................................... 4

ARGUMENT ..................................................................................................................................... 6

    I.  Binding Tenth Circuit Decisions Hold That SUWA Cannot Intervene On The
       Sand Dunes Road. ............................................................................................................ 6

    II. SUWA Lacks Standing To Intervene To Challenge Plaintiffs' Title. .............................. 6

      A.  SUWA Lacks Article III Standing. ............................................................................ 6

      B.  SUWA Lacks Prudential Standing. ............................................................................ 9

    III.   SUWA Fails To Meet The Requirements To Intervene As Of Right. ...................... 9

CONCLUSION ................................................................................................................................ 12

CERTIFICATE OF COMPLIANCE ............................................................................................... 13

INDEX OF EXHIBITS .................................................................................................................... 14

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Davis v. FEC*,
  554 U.S. 724 (2008) ........................................................................................................... 7

*In re Smith*,
  10 F.3d 723 (10th Cir. 1993) ............................................................................................. 6

*Kane Cnty. v. United States*,
  113 F.4th 1290 (10th Cir. 2024) ...................................................................................... 10

*Kane Cnty. v. United States*,
  94 F.4th 1017 (10th Cir. 2024) ................................................................................ 8, 9, 10

*Kane Cnty. v. United States*,
  950 F.3d 1323 (10th Cir. 2020), *cert. denied*, 141 S. Ct. 1283 (2021) ........................... 10

*Kane County, Utah v. United States*,
  934 F. Supp. 2d 1344 (D. Utah 2013) ............................................................................... 3

*Kane County, Utah v. United States*,
  Case No. 08-cv-0315, 2009 WL 959804 (D. Utah April 6, 2009) .................................... 5

*Kane County, Utah v. United States*,
  Case No. 08-cv-0315, 2013 CW, 2013 WL 1180764 (D. Utah March 20, 2013) ............ 4

*Kane County, Utah v. United States*,
  Case No. 08-cv-0315 CW, 2011 WL 2489819 (D. Utah June 21, 2011) ......................... 3

*Kane Cty. v. United States*,
  597 F.3d 1129 (10th Cir. 2010) ......................................................................................... 5

*Kane Cty. v. United States*,
  772 F.3d 1205 (10th Cir. 2014) ............................................................................. 4, 10, 11

*Kane Cty. v. United States*,
  928 F.3d (2022) ............................................................................................................... 10

*Kinscherf v. United States*,
  586 F.2d 159 (10th Cir. 1978) ........................................................................................... 9

*San Juan County v. United States*,
  503 F.3d 1163 (10th Cir. 2007) (en banc) ..................................................................... 5, 9

*The Wilderness Society v. Kane County*,
  632 F.3d 1162 (10th Cir. 2011) (en banc) ........................................................................ 9

*Town of Chester v. Laroe Estates, Inc.*,
    581 U.S. 433 (2017).....................................................................................................................9

*TransUnion LLC v. Ramirez*,
    594 U.S. 413 (2021)..................................................................................................................6, 7

*United States v. Meyers*,
    200 F.3d 715 (10th Cir. 2000) .....................................................................................................6

## STATUTES

28 U.S.C. § 2409a................................................................................................................................3

28 U.S.C. § 2409a(e)..........................................................................................................................11

Federal Quiet Title Act ............................................................................................................... *passim*

## OTHER AUTHORITIES

*Kane County, Utah, v. United States*,
    App. No. 13-4108 .........................................................................................................................5

*Kane County (1) v. United States*,
    Case No. 08-cv-0135 CW (D. Utah)......................................................................................3, 14

R.S. 2477............................................................................................................................................3

Plaintiffs Kane County, Utah and the State of Utah ("Plaintiffs") hereby file their Opposition to the Southern Utah Wilderness Alliance's ("SUWA") Motion to Intervene As Of Right And Memorandum In Support ("Motion") dated December 22, 2025.[1]

**RELIEF REQUESTED**

SUWA's Motion should be denied. First, the Tenth Circuit Court of Appeals has twice denied SUWA's attempts to intervene in a quiet title suit involving the Sand Dunes Road. Neither decision has been overturned and they are binding on this Court. Second, SUWA lacks both Article III and third-party standing. SUWA has failed to show how the existence of the Sand Dunes Road, whether paved or not, has caused it an injury, nor will SUWA be able to change the continued motor vehicle travel on the road. Moreover, the Tenth Circuit has held that SUWA cannot sue to vindicate federal property interests. Third, SUWA has failed to show that it has a legal interest in this matter. SUWA seeks to intervene solely to express its opinion about how other federal lands are managed. However, federal land management is irrelevant to the title question before the Court. Fourth, SUWA has failed to show that the United States does not adequately represent any legal interest SUWA might have.

Nothing in this lawsuit will change today's travel patterns, nor traffic going forward. The same motor vehicles will continue to travel the Sand Dunes Road regardless of the outcome of this lawsuit, Kane County will continue to maintain and operate the Sand Dunes Road, and the United States will continue to protect adjacent lands under applicable law and management plans. Accordingly, SUWA's Motion should be denied.

---

[1] ECF 30.

# BACKGROUND

### A.     The Location And Features Of The Sand Dunes Road.

The K1000 Sand Dunes Road runs for 20 miles in the southwestern corner of Kane County, Utah, and is one of the older roads in the State of Utah ("State"). The precise course of the road is shown in Complaint, Exhibit 2. The Sand Dunes Road and the surrounding land is shown on the map attached as Exhibit 1.[2] Beginning at the Arizona border (Stop 32), the Sand Dunes Road crosses federal public lands managed by the Bureau of Land Management ("BLM") (yellow), state lands (blue), and private land (gray). The Sand Dunes Road does not abut the Canaan Mountain Wilderness Study Area ("WSA") (crosshatched land near Stop 32), and it is outside of and set back from the Moquith Mountain WSA (crosshatched land near Stop 30).

To the common observer, the Sand Dunes Road is a typical paved highway, complete with speed limit signs and standard pavement markings.[3] The Sand Dunes Road has numerous culverts, drainage features, and Kane County has historically brushed back the vegetation on the sides of the Sand Dunes Road to about 66-feet wide (or wider in some areas) to provide safe sight distances so that motor vehicles do not collide with cattle or wildlife.[4] The proposed pavement project is not expected to change traffic on the Sand Dunes Road, which is already paved or chip sealed.[5] Pavement will simply serve to better withstand expected traffic.[6]

---

[2] Exhibit 1 is a true and correct copy of Exhibit 34 that was admitted at trial and was used by the court and parties to conduct a site visit of the various roads in a prior Sand Dunes Road lawsuit.

[3] Declaration of Bert Harris attached as Exhibit 2, ¶¶ 6-12.

[4] *Id.* at ¶¶ 10-22.

[5] *Id.* at ¶¶ 9-12, 21-22.

[6] *Id.* at ¶¶ 13-14.

B.  **Sand Dunes Road Litigation History.**

In 2009, Kane County and the State of Utah sued the United States to quiet title to 15 roads, including the K1000 Sand Dunes Road.[7] Kane County's and the State's lawsuits arise under the federal Quiet Title Act ("QTA").[8] The QTA allows lawsuits to quiet an *existing* title to real property "in which the United States claims an interest."[9] In the prior lawsuit, the United States moved to dismiss for lack of subject matter jurisdiction, which was denied from the bench, and the parties proceeded through discovery, depositions, and a motion for partial summary judgment.[10]

In September of 2010, the United States conceded that "the evidence before the Court is sufficient to" show title to an "R.S. 2477 right-of-way for [the] Sand Dunes Road[]."[11] On June 21, 2011, the court confirmed Kane County's and the State's '[t]itle to the Sand Dunes Road . . . as an R.S. 2477 public highway right-of-way."[12]

In August of 2011, the lawsuit proceeded through nine days of trial, and the district court issued two decisions relating to the Sand Dunes Road, *inter alia*, on March 20, 2013. First, the district court upheld its finding of subject matter jurisdiction.[13] Second, the district court issued its merits decision finding that Kane County and the State had proven title to a 66-foot right-of-

---

[7] *Kane County (1) v. United States*, Case No. 08-cv-0135 CW (D. Utah), ECF 65.

[8] 28 U.S.C. § 2409a.

[9] *Id*. at § 2409a(a).

[10] ECF 120.

[11] ECF 134, at 65. (Citations will be to the ECF page number for existing filings).

[12] *Kane County, Utah v. United States*, Case No. 08-cv-0315 CW, 2011 WL 2489819, *7 (D. Utah June 21, 2011).

[13] *See generally Kane County, Utah v. United States*, 934 F. Supp. 2d 1344 (D. Utah 2013).

way for the Sand Dunes Road by clear and convincing evidence.[14] On the facts, the district court found that "Sand Dunes and Hancock are both paved roads with higher travel speeds. Skutumpah, though not paved, is an improved Class B road and a major thoroughfare."[15] "Because Sand Dunes, Hancock, and Skutumpah are major two-lane thoroughfares, the court concludes that a 66-foot right-of-way is appropriate for them. This is a standard width for many highways."[16] With respect to WSAs, the district court confirmed that the BLM established a border setback "from 100 to 300 feet from the edge of the road travel surface, depending upon the nature of the road and the adjacent terrain."[17]

The United States appealed specific parts of the district court's jurisdictional and merits decisions. As relevant here, the Tenth Circuit held that an ambiguity regarding the Sand Dunes Road's status was insufficient to create a title dispute.[18] Accordingly, it found that the district court lacked subject matter jurisdiction over the Sand Dunes Road under the QTA.[19]

### C. The Tenth Circuit Court Of Appeals Has Twice Denied SUWA's Motions To Intervene for the Sand Dunes Road.

In the earlier lawsuit, SUWA moved to intervene and made the same arguments and raised the same issues as in the instant Motion. The district court denied SUWA's motion to intervene because, *inter alia*, "it is evident that SUWA does not have a 'legal interest' in the

---

[14] *See Kane County, Utah v. United States*, Case No. 08-cv-0315, 2013 CW, 2013 WL 1180764, **4-6, 39-45, 62-64 (D. Utah March 20, 2013).

[15] *Id*. *63.

[16] *Id*. *64.

[17] *Id*. at *11.

[18] *Kane Cty. v. United States*, 772 F.3d 1205, 1213 (10th Cir. 2014).

[19] *Id*.

usual understanding of that word in a title context."[20] SUWA acknowledged that if the parties were "to resolve all of the title issues as to the roads without SUWA's consent or participation, SUWA would have no right to continue with the action and the action would be dismissed."[21] Distinguishing the circumstances specific to, *inter alia*, the Sand Dunes Road, which did not involve the environmental interest issues in a different road lawsuit,[22] the district court held that SUWA lacked an impaired interest for purposes of intervention and that the United States could adequately represent its title interest.[23]

The Tenth Circuit upheld the denial of SUWA's intervention for the Sand Dunes Road. "[E]ven assuming SUWA has an interest in the quiet title proceedings at issue, SUWA has failed to establish that the United States may not adequately represent SUWA's interest."[24]

After trial, SUWA moved to intervene on appeal. SUWA argued that subsequent case developments proved that the United States did not adequately represent SUWA's interests. Specifically, SUWA argued that the "United States abandoned a key jurisdictional argument" and "it affirmatively *conceded* that it lacked title to a subset of those roads."[25] By order dated September 2, 2014, the appellate panel denied SUWA's motion.[26]

---

[20] *See Kane County, Utah v. United States*, Case No. 08-cv-0315, 2009 WL 959804, *2 (D. Utah April 6, 2009)

[21] *Id*.

[22] *San Juan County v. United States*, 503 F.3d 1163 (10th Cir. 2007) (en banc).

[23] *Kane County*, 2009 WL 959804, **2-3.

[24] *Kane Cty. v. United States*, 597 F.3d 1129, 1133 (10th Cir. 2010).

[25] *Kane County, Utah, v. United States*, App. No. 13-4108, Motion to Intervene dated October 7, 2013, p. 3. A true and correct copy of this motion is attached as Exhibit 3.

[26] *Kane County, Utah, v. United States*, App. No. 13-4108, Order dated September 2, 2014, 2013. A true and correct copy of this order is attached as Exhibit 4.

# ARGUMENT

## I. Binding Tenth Circuit Decisions Hold That SUWA Cannot Intervene On The Sand Dunes Road.

Courts in the Tenth Circuit "are bound by the precedent of prior panels absent en banc reconsideration or a superseding contrary decision by the Supreme Court."[27] "The precedent of prior panels which this court must follow includes not only the very narrow holdings of those prior cases, but also the reasoning underlying those holdings, particularly when such reasoning articulates a point of law."[28]

The Tenth Circuit's decision denying SUWA's intervention as it relates to the Sand Dunes Road remains in force. Moreover, the Order is especially salient here because after the United States under the Obama Administration conceded title to the Sand Dunes Road, SUWA argued that the concession proved that the United States did not adequately represent its interest. The Tenth Circuit still denied SUWA's intervention. The proper procedure in this instance is to require SUWA to obtain reversal of the existing Tenth Circuit decisions.

## II. SUWA Lacks Standing To Intervene To Challenge Plaintiffs' Title.

### A. SUWA Lacks Article III Standing.

Article III of the Constitution is "built on a single basic idea—the idea of separation of powers."[29] "Article III confines the federal judicial power to the resolution of 'Cases' and 'Controversies.' For there to be a case or controversy under Article III, the plaintiff must have a personal stake in the case—in other words, standing."[30] Standing requires a plaintiff to show that

---

[27] *In re Smith*, 10 F.3d 723, 724 (10th Cir. 1993) (citations omitted).

[28] *United States v. Meyers*, 200 F.3d 715, 720 (10th Cir. 2000) (citations omitted).

[29] *TransUnion LLC v. Ramirez*, 594 U.S. 413, 422 (2021) (citation omitted).

[30] *Id*. at 423 (cleaned up).

"(i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief."[31] If "the plaintiff does not claim to have suffered an injury that the defendant caused and the court can remedy, there is no case or controversy for the federal court to resolve." Most importantly, "standing is not dispensed in gross" and must be proven with specificity.[32]

Long before this QTA suit, Kane County chip sealed and, with the State, paved the Sand Dunes Road and brushed back vegetation in a 66-foot right-of-way.[33] After this QTA suit, the Sand Dunes Road will be a paved road and Kane County will continue to brush back vegetation within a 66-foot right-of-way. Regardless of whether the Sand Dunes Road is repaved, traffic will continue to use the Sand Dunes Road. Further, Kane County is not the "cause" of travel on the road.

SUWA's proffered declarations fail to establish standing. Mr. Bloxham's declaration confirms that he, like many others, drives the Sand Dunes Road to access remarkable areas in Utah.[34] Mr. Bloxham gives his opinion that "once a road is paved . . . traffic dramatically increases, thereby diminishing the area's primitive and wild character."[35] Assuming such to be true, that harm occurred many years ago when Kane County first chip sealed the road, and most of the Sand Dunes Road is already paved.[36] Moreover, Kane County has and will continue to

---

[31] *Id*. (citation omitted).

[32] *Davis v. FEC*, 554 U.S. 724, 734 (2008) (citation omitted).

[33] Exhibit 2, at ¶¶ 8-21

[34] ECF 30-1, pp. 7-8.

[35] *Id*. at 8.

[36] Exhibit 2, at ¶¶ 8-16.

operate within its 66-foot right-of-way. This refutes Mr. Bloxham's speculation that the road might be expanded into a WSA and cause damage. In any event, the Moquith Mountain WSA border is 100 to 300 feet from the edge of the road and cannot be impacted by Kane County's operations within its 66-foot right-of-way.

For the same reasons, Mr. Feingold's declaration fares no better. Additionally, Mr. Feingold is wrong to state that he travels the Sand Dunes Road to access Indian Canyon, Water Canyon and Hell Dive Canyon.[37] These three canyons are on the east side of the Moquith Mountain WSA and are accessed via the Hancock and Sand Springs roads.[38] The Sand Dunes Road is miles away to the west of these canyons, and there is both a mountain and a state park in between these areas and the Sand Dunes Road.

With or without this QTA suit, SUWA can continue to lobby congress and the BLM to manage the adjacent public lands as SUWA would prefer. However, SUWA has failed to identify *any* concrete and particularized injury relevant to this lawsuit, which further shows the lack of causation. Moreover, even if SUWA could establish an injury in fact, that injury would not be redressable in this QTA action. The Court cannot address SUWA's environmental concerns, as they are irrelevant in this QTA lawsuit, and motor vehicle travel will continue on the Sand Dunes Road.

The Tenth Circuit has allowed SUWA to intervene in a lawsuit over other roads (as to scope, not title) and allowed piggyback standing.[39] Nevertheless, the Tenth Circuit noted that "the Supreme Court modified the 'piggyback standing' rule, holding that an intervenor as of

---

[37] ECF 30-2, at ¶ 7.

[38] Exhibit 2, at ¶ 19; *see also* Exhibit 1 (canyons shown east of Coral Pink Sand Dunes State Park).

[39] *Kane Cnty. v. United States*, 94 F.4th 1017, 1032 (10th Cir. 2024).

right 'must meet the requirements of Article III if the intervenor wishes to pursue relief not requested' by an existing party."[40] Here, the United States has disclaimed title,[41] but SUWA seeks to intervene to seek the different relief of dismissing this action. "Members of the public, as such, do not have a 'title' in public roads."[42] SUWA is a stranger to title and lacks standing to challenge the title of others. "As the Supreme Court commented as far back as 1881, [i]t does not lie in the mouth of a stranger to the title to complain of the act of the government with respect to it."[43] Here, SUWA lacks standing to challenge Kane County's and the State's title.

### B. SUWA Lacks Prudential Standing.

SUWA has merely taken a side in what is "a property dispute between [] landowners."[44] However, SUWA "lacks any independent property rights of its own."[45] In effect, SUWA seeks to intervene to express its opinion on who should prevail on a title claim between others. The doctrine of third-party standing, which allows a party to assert the rights of another under limited circumstances, does not generally apply in property disputes. Here, the Tenth Circuit has confirmed that SUWA "lacks prudential standing" to vindicate the property rights of the federal government.[46]

### III. SUWA Fails To Meet The Requirements To Intervene As Of Right.

A party seeking to intervene as of right must establish four factors: (1) timeliness, (2) an interest relating to the property or transaction that is the subject of the action, (3) the potential

---

[40] *Id.*, quoting *Town of Chester v. Laroe Estates, Inc.*, 581 U.S. 433, 435 (2017).

[41] ECF 29.

[42] *Kinscherf v. United States*, 586 F.2d 159, 160 (10th Cir. 1978).

[43] *San Juan County*, 503 F.3d at 1216 (internal quotation marks and citation omitted).

[44] *The Wilderness Society v. Kane County*, 632 F.3d 1162, 1171 (10th Cir. 2011) (en banc).

[45] *Id.*

[46] *Id.* at 1165.

impairment of that interest, and (4) inadequate representation by existing parties.[47] The Tenth Circuit has historically taken a "liberal approach to intervention and thus favors the granting of motions to intervene."[48] Nevertheless, this liberal approach does not eliminate the threshold requirements for intervention.

Whether a proposed intervenor has an interest is "a fact-specific inquiry."[49] In allowing SUWA to intervene regarding other roads, the Tenth Circuit found that SUWA's environmental interests were subject to "imminent injury" because Kane County and the State "seek to double the width" of certain roads.[50] Upon "plaintiffs' stated objective of widening these roads, we conclude that SUWA has an interest that may be impaired by the litigation."[51] Although SUWA's factual allegations to the court were false, these were the operative facts upon which intervention was granted by a panel majority.[52] In a subsequent decision, the Tenth Circuit adopted its prior factual reasoning and allowed SUWA to intervene on other roads.[53]

Here, on the other hand, SUWA lacks an interest that may be harmed because the Sand Dunes Road will continue as a high-speed paved road regardless of the outcome of this lawsuit. It will continue to be operated within the existing 66-foot right-of-way, as it has been since the

---

[47] *Kane Cty., Utah v. United States*, 928 F.3d 877, 889 (10th Cir. 2019) (citation omitted).

[48] *Id*. at 890 (citation omitted).

[49] *Id*. at 903 (Tymkovich, J., dissenting).

[50] *Id*. at 888.

[51] *Id*. at 892.

[52] Judge Tymkovich dissented. *Id*. at 897-906. The Tenth Circuit then deadlocked 5 to 5 on en banc review and the Supreme Court ultimately denied certiorari. *Kane Cnty. v. United States*, 950 F.3d 1323 (10th Cir. 2020), *cert. denied*, 141 S. Ct. 1283 (2021).

[53] *See Kane Cnty.*, 94 F.4th 1017 (10th Cir. 2024) ("The court should revisit the unworkable construct it has created." *Id*. at 1035 (Kelly, J., concurring)). Once again, the Tenth Circuit deadlocked 5 to 5 on en banc review. *Kane Cnty. v. United States*, 113 F.4th 1290 (10th Cir. 2024).

1950s. It was chip-sealed in the 1970s, is mostly paved now, and the pavement project will not materially change the nature, alignment, or use of the road. It will merely save Kane County the expense and impacts of replacing chip seal more often.[54]

Additionally, the United States adequately represents any interest that SUWA may have in this title suit. The fact that the United States filed a partial disclaimer of title does not render its representation inadequate. The United States has the statutory authority under 28 U.S.C. § 2409a(e) to disclaim the claimed interest in property prior to trial. This is a legitimate litigation strategy that does not indicate inadequate representation of public interests. The United States' decision to disclaim an interest "consistent with a two-lane highway and within the areas already disturbed as of October 21, 1976, including the right to conduct routine maintenance"[55] represents a reasoned judgment that such a disclaimer serves the public interest. This strategic decision falls within the government's discretion and does not demonstrate inadequate representation of SUWA's interests (to the extent it has any).

"Of course, representation is not inadequate simply because the applicant and the representative disagree regarding the facts or law of the case."[56] "Nor is representation inadequate merely because the representative enters into a [settlement], because any case, even the most vigorously defended, may culminate in a [settlement]."[57] As shown above, SUWA already accused the United States of inadequate representation when it "conceded" title to the

---

[54] Exhibit 2, ¶¶ 8-15, 18-22.

[55] ECF 29.

[56] *Kane Cty.*, 928 F.3d at 892 (citation omitted).

[57] *Id.* (cleaned up; insertions in original).

Sand Dunes Road during the Obama Administration.[58] Notwithstanding SUWA's argument, the Tenth Circuit denied SUWA's motion to intervene on the Sand Dunes Road.[59]

## CONCLUSION

For the foregoing reasons, SUWA's Motion should be denied. Binding case law holds that SUWA cannot intervene on the Sand Dunes Road. SUWA has further failed to prove that it has standing, and has failed to establish the required factors to justify intervention.

Dated this 26th day of January, 2026.

        HOLLAND & HART LLP

        */s/ Shawn T. Welch*
        Shawn T. Welch
        Richard D. Flint
        Sydney J. Sell
        Ryder Seamons
        Attorneys for Plaintiff Kane County, Utah

        UTAH ATTORNEY GENERAL'S OFFICE

        */s/ K. Tess Davis\**
        Kathy A.F. Davis
        K. Tess Davis
        Assistant Attorneys General
        Attorneys for Plaintiff State of Utah

\* Signed with permission given to filing counsel

---

[58] Exhibit 3, pp. 5-6.

[59] Exhibit 4.

## **CERTIFICATE OF COMPLIANCE**

I, Shawn Welch, certify that Plaintiffs' Opposition to Motion to Intervene contains 3,328 words and complies with that Order Granting Leave to File Overlength Response to SUWA's Motion to Intervene (ECF 46), which allowed up to 4,100 words.

*/s/ Shawn Welch*

36706859_v2

## INDEX OF EXHIBITS

Exhibit 1 – Map of West Side Roads, admitted as Exhibit 34 at trial in *Kane County (1) v. United States*, Case No. 08-cv-0135 CW (D. Utah).

Exhibit 2 – Declaration of Bert Harris dated January 23, 2026.

Exhibit 3 – SUWA Motion to Intervene on Appeal dated October 7, 2013, App. No. 13-4108 (10th Cir.).

Exhibit 4 – Order dated September 2, 2014, App. No. 13-4108 (10th Cir.).