Stephen H.M. Bloch (#7813)
Hanna Larsen (#18458)
SOUTHERN UTAH WILDERNESS ALLIANCE
425 East 100 South
Salt Lake City, UT 84111
Telephone: (801) 486-3161
steve@suwa.org
hanna@suwa.org

*Attorneys for Proposed Defendant-Intervenor Southern Utah Wilderness Alliance*

Mitch M. Longson (#15661)
MANNING CURTIS BRADSHAW & BEDNAR PLLC
201 South Main Street, Suite 750
Salt Lake City, UT 84111
Telephone: (801) 363-5678
mlongson@mc2b.com

Trevor J. Lee (#16703)
HOGGAN LEE HUTCHINSON
257 E 200 S, #1050
Salt Lake City, UT 84111
Telephone: (435) 615-2264
trevor@hlh.law

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH
CENTRAL DIVISION, SOUTHERN REGION

| | |
|---|---|
| **KANE COUNTY (5), UTAH**, a political subdivision, and the **STATE OF UTAH**,<br><br>Plaintiffs,<br><br>v.<br><br>**UNITED STATES OF AMERICA**,<br>Defendant, and<br><br>**SOUTHERN UTAH WILDERNESS ALLIANCE**,<br><br>Proposed Intervenor-Defendant. | **REPLY IN SUPPORT OF SUWA'S MOTION TO INTERVENE AS OF RIGHT**<br><br>Case No. 4:25-cv-00059-DN-PK<br><br>Judge David Nuffer<br>Magistrate Judge Paul Kohler |

Proposed Intervenor-Defendants Southern Utah Wilderness Alliance ("SUWA"), through counsel, respectfully submits this Reply Memorandum in support of its Motion to Intervene as of Right.

**INTRODUCTION**

In its Motion to Intervene as of Right ("Motion"), SUWA demonstrated its right to intervene in this new Quiet Title Act ("QTA") case, as well as its standing to pursue intervention. Plaintiffs oppose, and the United States partially opposes, intervention.

Plaintiffs' Opposition is premised on arguments that have repeatedly been rejected by the Tenth Circuit, arguments that ignore recent precedent, and the changed circumstances supporting SUWA's intervention here.[1] The thrust of Plaintiffs' Opposition is that intervention should be denied here because it was denied sixteen years ago in *Kane County (1) v. United States*, when Plaintiffs previously litigated the Sand Dunes Road. But this case is independent from *Kane County (1).* Contrary to Plaintiffs' suggestion, the sixteen-year-old intervention decision in *Kane County (1)* does not control the outcome here. Moreover, there have been additional intervening Circuit decisions that affirmed SUWA's intervention and recognized SUWA's right to defend against Plaintiffs' claimed revised statute 2477 ("R.S. 2477") rights-of-way. Plaintiffs do not meaningfully grapple with this binding authority.

The United States, for its part, acknowledges these controlling Tenth Circuit rulings and concedes that SUWA is entitled to intervention as of right, at least with respect to scope.[2] And while the United States argues that SUWA is not entitled to intervene as of right with respect to title, it proffers no argument in support of that assertion.[3]

Ultimately, Plaintiffs' and the United States' arguments fail to overcome SUWA's strong showing that it has clearly met all four elements of Rule 24 for intervention as of right and that

[1] *See generally* Pls.' Opp. to Mot. to Intervene (ECF No. 47) ("Pls.' Opp.").
[2] *See generally* Defs.' Resp. to Mot. to Intervene (ECF No. 45) ("Defs.' Opp.").
[3] *See id.*

SUWA has independent standing (to the extent it is even required) to intervene. And they cannot change what is clear—SUWA has a legally-protectable interest related to the Sand Dunes Road that encompasses both title and scope to Plaintiffs' claimed R.S. 2477 right-of-way. Accordingly, SUWA's Motion should be granted.

## ARGUMENT

Twice now, the Tenth Circuit has unequivocally held that "SUWA possesses an interest that may be impaired by this [R.S. 2477] litigation" and that "[t]he United States may not adequately represent SUWA's interest."[4] By failing to acknowledge these holdings, Plaintiffs' response effectively boils down to an argument that this Court should ignore them. And though Plaintiffs also raise arguments related to standing, these too are unavailing.

### I.   Intervention is Not Precluded by the Circuit's 2010 Decision and 2014 Order

Initially, Plaintiffs suggest that *stare decisis* precludes SUWA's intervention in this case because of a 2010 Tenth Circuit decision and an unpublished, nonbinding[5] 2014 order.[6] This is a curious assertion considering that the Tenth Circuit has subsequently issued two decisions to the contrary—decisions Plaintiffs decline to address. And even without considering these decisions,

---

[4] *Kane Cnty. v. United States* ("*Kane Intervention 2019*"), 928 F.3d 877, 892 (10th Cir. 2019); *Kane Cnty. v. United States* ("*Kane Intervention 2024*"), 94 F.4th, 1017, 1030 (10th Cir. 2024) ("[U]nder governing law, SUWA has an interest that may as a practical matter be impaired or impeded" (citing *Kane Intervention 2019*, 928 F.3d at 891-892)); *id.* at 1034 ("SUWA has [again] satisfied its minimal burden of showing that the United States may not adequately represent its interests" (quoting *Kane Intervention 2019*, 928 F.3d at 896-97) (alteration in original)) *reh'g denied en banc* 113 F.4th 1290 (10th Cir. 2024).
[5] 10th Cir. R. 32.1(A).
[6] *See* Pls.' Opp. 6. Although not cited in this argument section, presumably Plaintiffs are referring to *Kane County v. United States* ("*Kane Intervention 2010*"), 597 F.3d 1129 (10th Cir. 2010) and the 2014 Order filed in *Kane County, Utah v. United States*, App. No. 13-4108 (Pls. Opp. Ex. 4).

Plaintiffs' position is baseless. As the Tenth Circuit has made clear, "'denial [of a motion to intervene] does not forever foreclose' intervention," and "'the matter may be revisited' if 'developments after the original application for intervention undermine' the basis for the initial denial."[7] Indeed, in *Kane Intervention 2019*, the Circuit expressly called out the *Kane Intervention 2010* decision, stating "[s]ignificantly, our statement in [*Kane Intervention 2010*] also emphasizes a need to reevaluate intervention when circumstances change."[8]

Finally, even if the Circuit had not issued two on-point binding decisions in the interim, *Kane Intervention 2010* is distinguishable from the current circumstances. *Kane Intervention 2010* addressed intervention only with respect to title, not scope,[9] and intervention was denied based on adequate representation. Specifically, the court reasoned that

> the federal government has displayed no reluctance in these proceedings…to claim full title to the roads at issue, and SUWA has provided no basis to predict that the federal government will fail to present an argument on the merits that SUWA would make.[10]

But as explained in SUWA's Motion, and in more detail below, the circumstances have changed significantly since SUWA last pursued intervention to defend its interest in the Sand Dunes Road. For instance, caselaw specifically addressing SUWA's intervention rights in R.S. 2477 cases has been further developed and its requirements clearly established by the Tenth Circuit.[11] Additionally, unlike in *Kane Intervention 2010*, the United States' Partial QTA Disclaimer[12]

---

[7] *Kane Intervention 2019*, 928 F.3d at 890 (quoting *San Juan Cnty. v. United States*, 503 F.3d 1163, 1207 (10th Cir. 2007) (alterations in original)).
[8] *Id.*
[9] *Kane Intervention 2010*, 597 F.3d at 1135 (declining to consider SUWA's motion to intervene with respect to scope).
[10] *Id.* (cleaned up).
[11] *See generally Kane Intervention 2019*, 928 F.3d 877, *Kane Intervention 2024*, 94 F.4th 1017.
[12] ECF No. 29.

proves the United States is reluctant to "claim full title" to the Sand Dunes Road.[13] And, given the United States' stated interest in "resolv[ing]" this case "via a federal disclaimer under 28 U.S.C. § 2409a(e),"[14] SUWA now has reason "to predict that the federal government will fail to present an argument on the merits that SUWA would make."[15]

In sum, Court is not obligated (or permitted) to deny SUWA's Motion based on the *Kane Intervention 2010* decision (nor the nonbinding 2014 order) when changed circumstances and subsequent precedent undermine the reasoning and holding set forth in that decision and instead support granting SUWA intervention as of right.

## II. SUWA Meets All Requirements for Intervention as of Right Under Rule 24(a)(2)

Plaintiffs assert that SUWA does not meet the impaired interest and inadequate representation prongs on the intervention as of right test. However, these assertions do not acknowledge or respond to the arguments asserted in SUWA's Motion and are instead premised on factual misrepresentations.

### A. SUWA's Legally Protectable Interest May Be Impaired by this Litigation.

For nearly twenty years, the Tenth Circuit has held it is "indisputable that SUWA's environmental concern is a legally protectable interest"[16] and that "under governing law," SUWA's interest may be "impaired or impeded" by R.S. 2477 litigation.[17] Recognizing, perhaps, that this binding authority forecloses their intervention arguments, Plaintiffs suggest this court ignore it, complaining that the Tenth Circuit in *Kane Intervention 2019* and *Kane Intervention*

---

13 *Kane Intervention 2010*, 597 F.3d at 1135.
14 Defs'. Status Report 2 (ECF No. 27).
15 *Id.*
16 *Kane Intervention 2019*, 928 F.3d at 891 (quoting *San Juan. Cnty.*, 503 F.3d at 1199).
17 *Kane Intervention 2024*, 94 F.4th at 1030 (citations omitted).

*2024* ruled based on false factual allegations made by SUWA.[18] Not only are these assertions untrue, regardless, they are not bases to disregard binding Tenth Circuit authority.

Regarding SUWA's interest in the Sand Dunes Road, specifically, Plaintiffs argue SUWA's interest won't be harmed because the road will continue as a high-speed paved road regardless of the outcome of this lawsuit."[19] Namely, according to Plaintiffs, "[i]t will continue to be operated within the existing 66-foot right-of-way" and "the [proposed] pavement project will not materially change the nature, alignment, or use of the road."[20] This argument is deeply flawed.

*First*, it is incorrect for Plaintiffs to state that there is an existing 66-foot right-of-way. Although the district court in *Kane (1)* initially granted Plaintiffs a right-of-way of that width for the Sand Dunes Road,[21] that grant was reversed by the Tenth Circuit.[22] Consequently, Plaintiffs are now in the position of claiming a 66-foot right-of-way for the Sand Dunes Road. Whether the scope of any right-of-way includes a width of 66 feet remains to be determined by this Court if this case is not dismissed for lack of subject matter jurisdiction.

*Second*, Plaintiffs' claim that the proposed paving project will not "materially change the nature, alignment, or use of the road"[23] is refuted by their own prior statements and contract with the Utah Department of Transportation. For example, Kane County Commission explained that

[18] Pls.' Opp. 10.
[19] Pls.' Opp. 10.
[20] *Id.*
[21] *Kane Cnty. v. United States*, 2013 U.S. Dist. LEXIS 40118, *176 (D. Utah 2013).
[22] *Kane Cnty. v. United States*, 772 F.3d 1205, 1213 (10th Cir. 2014).
[23] Pls.' Opp. 10.

the road "is scheduled to be resurfaced and widened and the shoulders improved as well."[24] Specifically, the Sand Dunes Road is slated to be "widened to 26' of asphalt and will include 2' shoulders on each side."[25]

*Finally*, Plaintiffs' argument is foreclosed by the Tenth Circuit's holdings over the years. For one, the Circuit has held that granting title to Plaintiffs, even before any scope determination is ever made, could adversely affect SUWA's interest in preserving and enjoying the surrounding land.[26] And, as the *Kane I Intervention* court observed, expanding the road surface itself, regardless of the scope of the right-of-way, impairs SUWA's interest in preservation and enjoyment of the surrounding land--as the court stated, "wider roads attract more traffic."[27] Given this interest, along with Plaintiffs' goals of "widening already-opened roads," SUWA "has an interest that may be impaired by the litigation."[28]

**B. The United States Has Demonstrated It May Not Adequately Represent SUWA's Interest.**

Although Plaintiffs claim that "the United States adequately represents any interest that SUWA may have," they fail to explain how that is the case.[29] Instead, they allege the United

[24] Kane Cnty. Comm'n, October 28, 2025 Commission Meeting, at 01:16:14-01:16:24 (Oct. 28, 2025), *available at* https://www.utah.gov/pmn/files/1342341.MP3 (last visited Feb. 9, 2026).
[25] Utah Dep't of Transp. Federal Aid Agreement for Local Agency Project Coral Pink Sand Dunes Road Reconstruct, PIN 21936, 2 (Jan. 29, 2025) (attached as Ex. 1). The Kane County Commission voted to accept this contract on February 25, 2025. Kane Cnty. Comm'n, February 25, 2025 Commission Meeting, at 00:22:11-00:26:22 (Feb. 25, 2025), *available at* https://www.utah.gov/pmn/files/1237863.MP3 (last visited Feb. 9, 2026).
[26] *San Juan Cnty.*, 503 F.3d at 1199.
[27] *Kane Intervention 2019*, 928 F.3d at 892 ("[W]ider roads attract more traffic, which would impair SUWA's interest in preservation and enjoyment of the surrounding land.").
[28] *Id.* at 891-92.
[29] Pls. Opp. 11.

States' Partial Disclaimer "represents a reasoned judgment that such a disclaimer serves the public interest."[30] Perhaps, but that is not the standard for intervention.

An existing party is presumed to adequately represent an intervenor's interest only if their interests are identical.[31] And even then, the presumption is rebuttable.[32] However, if the existing party's and intervenor's interests are not identical, no presumption applies and the showing of inadequacy "is easily made."[33] As to whether interests are or are not identical, the Tenth Circuit has explained that "the government's representation of the public interest generally cannot be assumed to be identical to the individual parochial interest of a particular member of the public merely because both entities occupy the same posture in the litigation."[34] And, interests are obviously not identical when the intervenor's interests are "less broad" than the government defendant and "different in kind" than the general public interest.[35]

As explained in SUWA's Motion, those circumstances are present here,[36] and neither the United States nor Plaintiffs argue otherwise.[37]

Finally, in a last-ditch attempt to argue adequate representation, Plaintiffs claim that the Tenth Circuit has already held that "conceding title" does not equate to inadequate representation.[38] Not so. While it is true SUWA previously argued that the United States conceding title to certain claimed R.S. 2477 rights-of-way at issue in *Kane (1)* demonstrated

---

[30] *Id.*
[31] *Kane Intervention 2024*, 94 F.4th at 1033.
[32] *Kane Intervention 2019*, 928 F.3d at 892.
[33] *Kane Intervention 2024*, 94 F.4th at 1033, 1034.
[34] *Kane Intervention 2019*, 928 F.3d at 894.
[35] *Kane Intervention 2024*, at 1033; *Kane Intervention 2019*, 928 F.3d at 895 (citation omitted).
[36] Mot. 8-10.
[37] *See* Pls.' Opp. 11; Defs.' Opp. 1-3.
[38] Pls.' Opp. 11-12.

inadequate representation,[39] that is not the basis for which intervention was denied. As an initial matter, the 2014 order denying SUWA's intervention is unpublished and therefore not precedential. But more importantly, the one-page 2014 order gives no explanation whatsoever as to why the court denied SUWA's intervention.[40] Thus, it cannot be used to support the contention that the United States' concession of title somehow results in adequate representation of SUWA's interest.

## III. SUWA Has Standing to Intervene as of Right

Plaintiffs also contend that SUWA lacks both Article III and prudential standing to intervene as of right.[41] But Plaintiffs misunderstand the nexus between standing and intervention under Rule 24(a)(2). An intervenor must establish independent Article III standing only if it "wishes to pursue relief not requested by an existing party,"[42] and is not required to demonstrate prudential standing at all.[43] Regardless of whether SUWA, by seeking to actively defend this

[39] *See* Pls.' Opp. Ex. 3 at PDF p. 5-6.
[40] *See generally* Pls.' Opp. Ex. 4.
[41] *See* Pls.' Opp. 6-9.
[42] *Kane Intervention 2019*, 928 F.3d at 887 (citation omitted).
[43] *See June Med Servs. LLC v. Russo*, 591 U.S. 299, 362 (2020) (Thomas, J., dissenting) ("requiring a litigant who has Article III standing to also demonstrate 'prudential standing' is inconsistent 'with our recent reaffirmation of the principle that a federal court's obligation' to hear and decide cases within its jurisdiction is 'virtually unflagging.'" (quoting *Lexmark Int'l, Inc. v. Static Control Components*, Inc., 572 U.S. 118, 125-26 (2014))); *see also Kane Intervention 2024*, 94 F.4th at 1027 n.12 (explaining that while Plaintiffs raised a prudential standing argument, the court declined to address it because Plaintiffs did not "contend that prudential standing is required to intervene under Rule 24(a)(2)"). The same is true here. Plaintiffs' one-paragraph prudential standing argument does not "contend that prudential standing is required to intervene under Rule 24(a)(2)." Pls.' Opp. 9; *see also Wyandotte Nation v. Salazar*, No. 11-cv-2656-JAR, 2012 WL 1231857, *8 (D. Kansas. Apr. 11, 2012) ("[T]he Tenth Circuit has never used prudential standing concerns to deny a party's motion to intervene.").

case, is seeking relief not requested by the United States, SUWA has nonetheless clearly established its own Article III standing. Plaintiffs' assertions to the contrary are unavailing.

**A. SUWA's Injury is Concrete, Particularized, and Imminent.**

Plaintiffs first allege that SUWA does not have a concrete, particularized injury because Plaintiffs have already been maintaining the Sand Dunes Road within a 66-foot right-of-way, paving the road will not expand its width into the Moquith Mountain Wilderness Study Area ("WSA"), and vehicles will continue to use the Sand Dunes Road.[44] But these allegations ignore binding precedent and are grounded in mischaracterizations of the scope of the right-of-way and misrepresentations of Bureau of Land Management ("BLM") policies governing Wilderness Study Areas ("WSAs").[45]

*First*, the Tenth Circuit has repeatedly held that SUWA's environmental concern regarding alleged R.S. 2477 rights-of-way "indisputably" constitutes a "legally protectable interest" for the purposes of standing.[46] That should end the argument on this point.

*Second*, as explained above, the scope (including the width) of any right-of-way the Plaintiffs may hold for Sand Dunes Road is undetermined.[47] If this Court ultimately adjudicates the scope to be less than 66 feet, then by maintaining the road according to a 66-foot right-of-way, Plaintiffs have been unlawfully encroaching beyond the scope of the right-of-way, and SUWA has an interest in remedying that encroachment. And even if 66 feet is the is the appropriate width, the fact that Plaintiffs are assuming a 66-foot right-of-way before one has ever

[44] Pls.' Opp. 7-8.
[45] Plaintiffs also mischaracterize SUWA's standing declarants' statements.
[46] *Kane Intervention 2019*, 928 F.3d at 888; *San Juan Cnty.*, 503 F.3d at 1199.
[47] *See supra* p. 6.

been adjudicated does not change the Tenth Circuit's admonition that SUWA indisputably has an interest in these claims.

*Lastly*, contrary to Plaintiffs' unsupported claim, if the Sand Dunes Road is widened, it will expand into the Moquith Mountain WSA and cause damage to the WSA itself. BLM policy states that "there are no setbacks to WSA boundaries. Where a WSA is bounded by a road, the WSA boundary is the edge of disturbance of that road that existed at the passage of [the Federal Land Policy and Management Act]."[48] Thus, SUWA and its members will inherently be harmed by the Sand Dune Road's expansion into the Moquith Mountain WSA if the paving project is completed.

For these reasons, as first explained in SUWA's Motion and based on the statements made in SUWA's standing declarations, SUWA has demonstrated it has a "legally protectable interest" for the purposes of standing.[49]

**B. SUWA's Injury is Fairly Traceable to Plaintiffs' Conduct and Redressable by a Favorable Decision by this Court.**

Plaintiffs also assert in passing that "Kane County is not the 'cause' of travel on the road."[50] That assertion misses the mark. As SUWA has made abundantly clear, its injury stems from Plaintiffs' stated intent to pave, widen, and otherwise improve the Sand Dunes Road, which in turn will increase travel speeds, if not also traffic, on the road.[51] Thus, SUWA's injury is not

[48] Bureau of Land Mgmt., Manual MS 6330 – Management of Wilderness Study Areas § 1.6.B.4.b (Oct. 15, 2024) (emphasis added) (attached as Ex. 2).
[49] *Kane Intervention 2019*, 928 F.3d at 888; Mot. 11; *see generally* Bloxham Decl., Feingold Decl.
[50] Pls.' Opp. 7.
[51] Mot. 10; Bloxham Decl. ¶¶ 21-23; Feingold Decl. ¶¶ 8-10.

just "fairly traceable" to Plaintiffs' conduct, but it is directly traceable to Plaintiffs' conduct.[52] And if this Court dismisses this case or otherwise issues a decision favorable to SUWA's position, SUWA's anticipated harm would be redressed because Plaintiffs would not have the authority to move forward with the proposed paving project as planned.

## CONCLUSION

For the foregoing reasons, in addition to those articulated in SUWA's Motion, SUWA has demonstrated that it is entitled to intervention in this case. As such, SUWA respectfully requests the Court grant its Motion to Intervene as of Right.

DATED February 9, 2026.

/s/ *Hanna Larsen*
Stephen H.M. Bloch, #7813
Hanna Larsen, #18458
SOUTHERN UTAH WILDERNESS ALLIANCE

Mitch M. Longson, #15661
MANNING CURTIS BRADSHAW
& BEDNAR PLLC

Trevor J. Lee, #16703
HOGGAN LEE HUTCHINSON

*Attorneys for Proposed Intervenor-Defendants*
*Southern Utah Wilderness Alliance*

[52] *Friends of the Earth, Inc. v. Laidlaw Env't. Servs. (TOC), Inc.*, 528 U.S. 167, 180–81 (2000); *see also* Mot. 10.

**CERTIFICATE OF COMPLIANCE**

In accordance with DUCivR 7-1(a)(4)(D)(i), I hereby certify that proposed Defendant-Intervenor Southern Utah Wilderness Alliance's Motion to Intervene and Memorandum in Support contains a total of 3,074 words.

/s/ *Hanna Larsen*
Hanna Larsen