THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| KANE COUNTY (5), UTAH, a political subdivision, and the STATE OF UTAH,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant, and<br><br>SOUTHERN UTAH WILDERNESS ALLIANCE,<br><br>Proposed Intervenor-Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION TO INTERVENE AS OF RIGHT**<br><br>Case No. 4:25-cv-0059-DN-PK<br><br>District Judge David Nuffer |

This case is brought under the Quiet Title Act ("QTA"), 28 U.S.C. § 2409a, to adjudicate a right-of-way over the K1000 Sand Dunes Road in Kane County, Utah.[1] Plaintiffs Kane County, Utah, and the State of Utah (collectively, "Kane County") seek to quiet title to a Revised Statute 2477 ("R.S. 2477")[2] right-of-way for the Sand Dunes Road, which traverses federal public land managed by the Bureau of Land Management ("BLM").[3] The Southern Utah Wilderness Alliance ("SUWA"), a nonprofit conservation organization, now seeks to intervene as a defendant in support of the United States.[4]

---

[1] Motion to Intervene as of Right and Memorandum in Support ("Motion"), docket no. 30, filed December 22, 2025.

[2] Section 8 of the Mining Act of 1866 is commonly known as "Revised Statute (R.S.) 2477." Under the statute, a right of way may be established across land of the United States by use before October 21, 1976, if that use was sufficient under general state law to establish a right of way.

[3] Complaint ¶¶ 1-6, 78–81, docket no. 1, filed May 6, 2025.

[4] Motion at 3.

This is not the first, nor even the second, time that SUWA has sought to intervene in road disputes between Kane County and the United States.[5] Kane County opposes.[6] SUWA replied[7] The United States asserts "that SUWA lacks the requisite interest relating to property to qualify for intervention as of right" but "recognizes that given the Tenth Circuit's current rulings SUWA is presumptively entitled to intervene as of right as to scope."[8] Previously, the United States filed a Partial Quiet Title Act Disclaimer ("Disclaimer") disclaiming any federal interest in the Sand Dunes Road.[9]

SUWA sought intervention because the Tenth Circuit recognized SUWA's legally protectable environmental interest that may be impaired and the United States does not adequately represent those interests, particularly given its recent partial disclaimer. That disclaimer was of a right of way "consistent with a two-lane highway and within the areas already disturbed as of October 21, 1976, including the right to conduct routine maintenance . . . with a travel surface generally ranging between 24 to 26 feet."[10]

---

[5] *Kane County, Utah v. United States (Kane IV)*, 94 F.4th 1017, 1025 (10th Cir. 2024).

[6] Kane County's Opposition to Motion to Intervene ("Opposition"), docket no. 47, filed January 26, 2026.

[7] Reply in Support of SUWA's Motion to Intervene as of Right ("Reply"), docket no. 48, filed February 9, 2026.

[8] Defendant United States' Response to SUWA's Motion to Intervene ("U.S. Response"), docket no. 45, filed January 26, 2026.

[9] Partial Quiet Title Act Disclaimer ("Partial Disclaimer"), docket no. 29, filed December 19, 2025.

[10] *Id*. at 1-2.

| | | | |
|---|---|---|---|---|
| 1 | FACTUAL BACKGROUND | | | 3 |
| 2 | PROCEDURAL BACKGROUND | | | 6 |
| 3 | STANDARD OF REVIEW | | | 9 |
| 4 | DISCUSSION | | | 10 |
| | 4.1 | SUWA Has Requisite Standing | | 10 |
| | | 4.1.1 | SUWA Has Established Article III Standing | 10 |
| | | 4.1.2 | Kane County's Prudential Standing Arguments Were Rejected By The Tenth Circuit | 13 |
| | 4.2 | SUWA's Right to Intervene Meets the Requirements of Rule 24(a)(2) | | 13 |
| | | 4.2.1 | SUWA's Motion to Intervene is Timely | 14 |
| | | 4.2.2 | SUWA Possesses an Interest Relating to the Sand Dunes Road That May Be Impaired | 14 |
| | | 4.2.3 | The United States Does Not Adequately Represent SUWA's Interests | 15 |
| 5 | ORDER | | | 16 |

# 1    FACTUAL BACKGROUND

SUWA is a Salt Lake City-based nonprofit organization with approximately 12,000 members.[11] Many of SUWA's members reside in Utah.[12] SUWA's stated mission is "the preservation of outstanding wilderness and other sensitive public lands across Utah and the management of these lands in their natural state for the benefit of all Americans."[13] SUWA is a self-described "vocal advocate for the protection of federally managed wilderness quality lands in Utah."[14] SUWA has sought intervention in similar cases involving Kane County and the United States.[15]

SUWA asserts an interest in "federally managed wilderness-quality lands and the threats to their wilderness character, including lands affected by claimed R.S. 2477 rights-of-way" at

---

[11] Declaration of Ray Bloxham ("Bloxham Decl.") ¶ 4, Exhibit 1 to Motion, docket no. 30-1, filed December 22, 2025.

[12] *Id*.

[13] *Id*. ¶ 4.

[14] *Id*. ¶ 6.

[15] *Kane County, Utah v. Salazar*, 562 F.3d 1077 (10th Cir. 2009); *Kane County, Utah v. United States (Kane I)*, 597 F.3d 1129, 1132 (10th Cir. 2010); *Kane County, Utah v. United States (Kane II)*, 772 F.3d 1205, 1209 (10th Cir. 2014); *Kane III,* 928 F.3d at 882; *Kane IV,* 94 F.4th at 1017. See footnote 54 for a listing of trial court cases with these parties and issues.

issue in this case.[16] SUWA's concerns include the impacts of motorized vehicles and roads on lands managed by BLM.[17] Mr. Ray Bloxham is SUWA's Field Director.[18] Mr. Bloxham visited the Sand Dunes Road and adjacent wilderness-quality lands numerous times.[19] Mr. Bloxham and SUWA member Max Feingold use the Sand Dunes Road to access wilderness areas for canyoneering, hiking, and photography, and generally exploring public lands.[20] To do these things, SUWA members travel the Sand Dunes Road, and are concerned that should vehicular traffic increase "Sand Dunes Road will be degraded [and SUWA's members'] enjoyment of these areas will be significantly reduced or eliminated."[21]



Sand Dunes Road runs roughly north twenty miles beginning at the Utah-Arizona border and terminating at the Utah State Highway 89.[22] Sand Dunes Road

---

[16] Bloxham Decl. ¶ 7.

[17] *Id.* ¶¶ 7-8.

[18] *Id.* ¶ 2.

[19] *Id.* ¶¶ 15, 20.

[20] Bloxham Decl. ¶ 19; Declaration of Max Feingold ("Feingold Decl.") ¶¶ 4-7, Exhibit 2 to Motion, docket no. 30-2, filed December 22, 2025.

[21] Bloxham Decl. ¶ 21; Feingold Decl. ¶ 8.

[22] Complaint ¶¶ 78–81; Motion at 2; Exhibit 2 to Opposition, Declaration of Bert Harris ("Harris Decl.") ¶¶ 6-7, docket no. 47-2, filed January 26, 2026.

crosses federal public land managed by the BLM, state lands, and private land.[23] Sand Dunes Road borders two categories of wilderness-quality lands: (1) the Moquith Mountain Wilderness Study Area ("WSA"), an area recognized by BLM in the 1980s as possessing wilderness values; and (2) the Canaan Mountain and Parunuweap Canyon citizen-identified wilderness areas. SUWA states these lands have wilderness character. SUWA has proposed these (and other) lands for wilderness designation in America's Red Rock Wilderness Act.[24]

Sand Dunes Road is a chip-sealed road open to motorized vehicle use.[25] Kane County seeks to quiet title to a right-of-way which "includes a width of 66 feet" in order to make improvements "necessary to ensure passage of vehicles on this high-speed two lane road," including "drainage and road features as are reasonable and necessary."[26] SUWA seeks intervention to oppose Kane County's claimed right-of-way, stating that Kane County's improvements "would almost inevitably increase traffic, diminishing the enjoyment of the nearby natural wilderness."[27] SUWA states that Kane County's claims "suffice to show imminent injury to SUWA's interests."[28]

Rather than fully litigating Kane County's title claim, the United States filed a partial relinquishment of its interest in the road.[29] Immediately after the United States filed the partial disclaimer, SUWA moved to intervene.

---

[23] Opposition at 2.

[24] Bloxham Decl. at ¶¶ 6, 15-18.

[25] Complaint ¶ 79; Opposition at 2; Bloxham Decl. ¶ 18.

[26] Complaint ¶ 81.

[27] Motion at 11 (*quoting Kane I*, 928 F.3d at 888–89).

[28] *Id*.

[29] *Id*.

5

## 2    PROCEDURAL BACKGROUND

The eighteen-year procedural history of litigation between these parties has resulted in four Tenth Circuit decisions on intervention that are binding authority.[30] SUWA's intervention efforts follow a pattern: SUWA seeks intervention on the issues of title and scope of the rights of way claims, and Kane County opposes. The pattern is repeated here. The United States has changed its position over time. The Tenth Circuit has twice recognized SUWA's right to intervene on the issue of scope of R.S. 2477 roadways.[31]

In April 2008, Kane County filed its first quiet title action seeking to establish R.S. 2477 rights-of-way over fifteen roads.[32] On November 26, 2008, SUWA moved to intervene as of right, which both Kane County and the United States opposed.[33] Judge Clark Waddoups denied SUWA's motion, concluding that SUWA "failed to show that its interests in th[e] case [we]re not adequately represented by the United States."[34] On appeal, the Tenth Circuit affirmed, holding that SUWA had "failed to establish, *at this stage of the litigation*, that the federal government will not adequately protect its interest."[35] Key in this decision was that title was the issue in the trial court. Intervention on *scope* of rights of way was not before the Tenth Circuit.[36]

After remand, Judge Waddoups quieted title to twelve of fifteen roads contested in *Kane County (1)* and determined the scope of those rights-of-way.[37] This led to a second appeal: *Kane*

---

[30] *Kane I,* 597 F.3d at 1132; *Kane II,* 772 F.3d at 1209; *Kane III,* 928 F.3d at 882; *Kane IV,* 94 F.4th at 1017.

[31] *Kane III,* 928 F.3d at 896-97; *Kane IV,* 94 F.4th at 1035.

[32] *Kane I*, 597 F.3d at 1130-32, referring to *Kane County (1) v United States of America*, No. 2:08–CV–315 CW.

[33] *Id.* at 1132.

[34] *Id.* (emphasis added).

[35] *Id.* at 1135.

[36] *Id.* at 1134-1135.

[37] *Kane County (1) v. United States of America*, No. 2:08–CV–315 CW, 2013 WL 1180764 (D. Utah March 20, 2013).

*County v. United States (Kane II)*.[38] SUWA's motion to intervene in the *Kane II* appeal in 2014 was denied by the Tenth Circuit in an unpublished order.[39] The Tenth Circuit remanded for Judge Waddoups to redetermine the width of the rights-of-way.[40]

SUWA's next attempt to intervene in *Kane County (1)* came in September 2017, nine years after its first.[41] Kane County and the United States opposed SUWA's third intervention motion.[42] The district court denied the motion.[43] In what became *Kane III*, where scope of rights of way was at issue, the Tenth Circuit reversed, holding that "SUWA has met all requirements to intervene as of right under Rule 24(a)(2) of the Federal Rules of Civil Procedure."[44]

*Kane III* is the foundation of SUWA's right to intervene. The Tenth Circuit reaffirmed previous holding in *San Juan County* recognizing that "it is 'indisputable that SUWA's environmental concern is a legally protectable interest.'"[45] After the Tenth Circuit acknowledged SUWA's "decades-long history of advocating for the protection of federal lands" and Kane County "stated objective of widening these roads" the Tenth Circuit concluded that SUWA has an interest that may be impaired by the litigation.[46] The court distinguished between title and scope determinations, explaining that while title is a "binary determination," scope is a "nuanced" inquiry requiring consideration of the historical uses and character of the roads.[47] The

---

[38] *Kane II*, 772 F.3d at 1205.

[39] Exhibit 4 to Opposition, docket no. 47-4, filed Jan. 26, 2026; Opposition at 5; Reply at 9; *Kane III*, 928 F.3d at 882.

[40] *Kane III*, 928 F.3d at 884 (*citing Kane II*, 772 F.3d at 1209–25).

[41] *Id.* at 885-89.

[42] *Id.* at 885.

[43] *Id.* at 891-92 (*quoting San Juan County, Utah v. United States*, 503 F.3d 1163, 1199 (10th Cir. 2007) (en banc)).

[44] *Id.* at 892.

[45] *Id.* at 877 (*quoting San Juan County*, 503 F.3d at 1199).

[46] *Id.* at 892.

[47] *Id.* at 884, 893.

Tenth Circuit held that while "SUWA and the United States had identical interests in the title determination, they do not on scope."[48]

The Tenth Circuit explained how the positions of SUWA and the United States differ on the scope of the rights of way:

> SUWA's goal is to limit as much as possible the number of vehicles on the roads, but the United States' objectives "involve a much broader range of interests, including competing policy, economic, political, legal, and environmental factors."…SUWA is focused on pursuing the narrowest scope, but many of the stakeholders involved may want wider roads. The United States represents these broad-ranging and competing interests, too…[therefore] even if the United States is advocating "as well as can be expected" for the narrowest scope of the roads, its conflicting interests render its representation inadequate.[49]

The court observed that the United States must consider "efficient administration of its own litigation resources."[50] The court noted that the United States had "12,000 of these claims statewide" and was "interested in trying to resolve them as quickly and efficiently as it can" in contrast to SUWA's singular focus on protecting wilderness lands.[51] The Tenth Circuit noted that the United States' opposition to intervention "further indicat[ed] that it may not adequately represent SUWA's interests."[52] The Tenth Circuit reversed Judge Waddoup's denial of SUWA's second motion to intervene in *Kane County (1)*.[53]

Following *Kane III*, SUWA moved to intervene several times in a separate but similar district court action.[54] Judge Waddoups recognized that "under *Kane III*, SUWA had both

---

[48] *Id*. at 894.

[49] *Id*. (internal citations omitted).

[50] *Id*. at 895.

[51] *Id*.

[52] *Id*.

[53] *Id*. at 896-97.

[54] See the history of motions to intervene in *Kane County (2) v. United States of America*, 606 F. Supp. 1138, 1141 (2022) and *Kane IV* at 1025-27. While Kane County (1) was still proceeding, Kane County (later joined by the State of Utah as an intervenor) filed *Kane County (2)* Case No. 2:10-cv-1073-CW which was consolidated with *Kane*

piggyback and Article III standing."[55] But he still denied the motion to intervene as of right, concluding that SUWA had no "*per se* right to intervene in R.S. 2477 cases"[56] and determined that "SUWA's interests were 'adequately represented by the United States.'"[57] SUWA appealed again.

The Tenth Circuit agreed with the United States that "'there are no material differences' between [*Kane IV*] and *Kane III*."[58] Seeing no differences, the Tenth Circuit "reverse[d] the district court's denial of SUWA's motion to intervene on the issue of scope [of the rights of way and] affirm[ed] [denial of intervention] on the issue of title."[59]

## 3   STANDARD OF REVIEW

Federal Rule of Civil Procedure 24(a)(2) governs intervention as of right.[60] To intervene as of right, a party must establish four elements:

1) the application is timely;
2) it claims an interest relating to the property or transaction that is the subject of the action;
3) the interest may as a practical matter be impaired or impeded; and
4) the interest may not be adequately represented by existing parties.[61]

The Tenth Circuit has "historically taken a 'liberal' approach to intervention and thus favors the granting of motions to intervene."[62] Moreover, "in cases raising significant public

---

*County (3)* Case No. 2:11-cv-1031-CW and *Kane County (4)* Case No. 2:12-cv-476-CW. These actions seek quiet title to many more R.S. 2477 rights-of-way and all involve the same parties and are presided over by the same judge.

[55] *Kane County (2)*, 606 F. Supp. 3d. at 1143; *Kane IV*, 94 F.4th at 1029. (internal citations omitted).

[56] *Kane County (2)*, 606 F. Supp. 3d. at 1142; *Kane IV*, 94 F.4th at 1027.

[57] *Kane County (2)*, 606 F. Supp. 3d. at 1142; *Kane IV*, 94 F.4th at 1027.

[58] *Id.* at 1031.

[59] *Id.* at 1035.

[60] Fed. R. Civ. P. 24(a)(2).

[61] *Kane III*, 928 F. 3d at 890 (*citing W. Energy All. v. Zinke*, 877 F.3d 1157, 1164 (10th Cir. 2017)).

[62] *Id.* (*quoting Zinke*, 877 F.3d at 1164) (internal citations omitted).

interests such as this one," the requirements for intervention "may be relaxed."[63] The intervening party "must show that the representation by the existing parties may be inadequate; but this burden is 'minimal.'"[64]

## 4   DISCUSSION

The issues on the motion are: (1) whether SUWA has standing; and (2) whether the United States adequately represents SUWA's interest. Under the Tenth Circuit's binding decisions in *Kane III* and *Kane IV*, SUWA is granted intervention as to scope of the rights of way.

### 4.1   SUWA Has Requisite Standing

Kane County argues SUWA lacks both Article III standing[65] and prudential standing[66] and that SUWA's Motion should be denied. SUWA says that all of Kane County's arguments have been rejected by the Tenth Circuit.[67] The United States does not state whether SUWA has established standing. "The United States recognizes that given the Tenth Circuit's current rulings SUWA is presumptively entitled to intervene as of right as to scope."[68] The parties' arguments and law regarding Article III standing and prudential standing are addressed in turn.

#### 4.1.1   SUWA Has Established Article III Standing

"Standing implicates a court's jurisdiction and requires a court itself to raise and address standing before reaching the merits of the case before it."[69] "Any party, whether original or

---

[63] *San Juan County, Utah v. United States*, 503 F.3d 1163, 1201 (10th Cir. 2007) (en banc) (*citing Cascade Natural Gas Corp. v. El Paso Natural Gas Co*., 386 U.S. 129 (1967)).

[64] *Kane IV*, 94 F.4th at 1030 (*citing Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10, (1972)).

[65] Opposition at 6.

[66] *Id*. at 9.

[67] Reply at 9-10.

[68] U.S Response at 2.

[69] *San Juan County*, 503 F.3d at 1172 (10th Cir.2007) (en banc) (cleaned up).

intervening, that seeks relief from a federal court must have standing to pursue its claims."[70] "To make this showing, a party must 'demonstrate that he has suffered injury in fact, that the injury is fairly traceable to the [challenged conduct], and that the injury will likely be redressed by a favorable decision.'"[71]

Kane County argues that SUWA lacks standing to intervene.[72] Kane County's argument was foreclosed by the Tenth Circuit when it stated, eighteen years ago, that SUWA's legally protectable interest was "indisputable" – a holding that was twice reaffirmed.[73] All four *Kane* appeals recognized SUWA's Article III standing.

In *Kane III*, the Tenth Circuit held that SUWA had Article III standing to intervene in R.S. 2477 litigation.[74] The Tenth Circuit found that SUWA satisfied all three elements of Article III standing: injury-in-fact, causation, and redressability.[75] The court held that SUWA had established "an imminent injury."[76] As Kane County sought to double the width of the roads, the Tenth Circuit held this "would almost inevitably increase traffic, diminishing the enjoyment of the nearby natural wilderness."[77] The Tenth Circuit explained: "A 24-foot road allows more traffic than a 10- or 12-foot road . . . and a 66-foot road allows more traffic than a 24- to 28-foot road. And the more traffic, the more of an impact on the natural wilderness."[78] The court further

---

[70] *City of Colorado Springs v. Climax Molybdenum Co.*, 587 F.3d 1071 (10th Cir. 2009) (*citing Dillard v. Chilton County Comm'n*, 495 F.3d 1324, 1330 (11th Cir.2007)).

[71] *Kane III*, 928 F.3d at 886.

[72] Opposition at 9-10.

[73] *San Juan County*, 503 F.3d at 1172; *Kane IV*, 94 F.4th at 1030.

[74] *Kane III*, 928 F.3d at 888-89.

[75] *Id*.

[76.] *Id*. at 888.

[77] *Id*.

[78] *Id*. at 889.

11

held that such injury was not speculative, as "[a]n injury may be imminent even though contingent upon an unfavorable outcome in litigation."[79]

SUWA will suffer imminent injury should the Sand Dunes Road be expanded to 66 feet.[80] SUWA alleges the expansion that would cause their injury is traceable to Kane County, which is suing for the 66-foot width.[81] SUWA alleges that a favorable outcome in this case would provide SUWA redress from the alleged injury.[82] This mirrors *Kane III*, where the Tenth Circuit held identical facts were sufficient to establish Article III standing.[83] In *Kane IV*, the Tenth Circuit instructed that in cases like *Kane III* intervention as right is to be granted unless there is a "material difference in fact."[84]

Yet Kane County argues that SUWA lacks standing "because the Sand Dunes Road will continue as a high-speed paved road regardless of the outcome of this lawsuit."[85] This argument fails. *Kane III* described how the difference between a 24-foot road and a 66-foot road would impact SUWA's interests.[86] SUWA is intervening to limit the expansion of the road. Kane County is saying that regardless of the outcome of its claim, a road will exist. That argument conflates the *existence* of a road with the *scope* of that road. A dirt path and a highway are both "roads" in name only.

---

[79] *Id.* at 888.

[80] Motion at 11.

[81] *Id.*

[82] *Id.*

[83] *Kane III*, 928 F.3d at 886-89.

[84] *Kane IV*, 94 F.4th at 1034.

[85] Opposition at 10.

[86] *Kane III*, 928 F.3d at 889.

SUWA does not deny that the Sand Dunes Road exists; it challenges what Kane County wants to make it. Standing turns not on whether any road remains, but on whether the proposed expansion causes cognizable harm to SUWA's members. It does.

Kane County has failed to show that this case is materially distinct from *Kane III*. SUWA has established Article III standing.

### 4.1.2 Kane County's Prudential Standing Arguments Were Rejected By The Tenth Circuit

Kane County asserts that "the Tenth Circuit has confirmed that SUWA 'lacks prudential standing' to vindicate the property rights of the federal government."[87] SUWA says Kane County "misunderstand[s] the nexus between standing and intervention under Rule 24(a)(2)."[88] "[T]he Tenth Circuit has never used prudential standing concerns to deny a party's motion to intervene."[89]

In *Kane IV*, Kane County raised the same prudential standing argument. The Tenth Circuit rejected it, stating: "Kane County challenges SUWA's prudential standing, but it does not contend that prudential standing is required to intervene under Rule 24(a)(2). So we do not consider that issue further."[90] *Tenth Circuit* precedent requires this argument be rejected.

### 4.2 SUWA's Right to Intervene Meets the Requirements of Rule 24(a)(2)

The Tenth Circuit has applied the intervention requirements to SUWA's motions through eighteen years of litigation. In some instances, SUWA was able to intervene. In others, it was not.

---

[87] Opposition at 9 (*quoting The Wilderness Society v. Kane County*, 632 F.3d 1162, 1171 (10th Cir. 2011)).
[88] Reply at 9.
[89] *Wyandotte Nation v. Salazar*, No. 11-CV-2656-JAR-DJW, 2012 WL 1231857, at *8 (D. Kan. Apr. 11, 2012).
[90] *Kane IV*, 94 F.4th at 1027 n. 12 (citation omitted).

13

Kane County relies on[91] the district court's denial of intervention in *Kane County (1)*[92] and on an appellate denial of intervention on appeal.[93] These decisions made when title was at issue do not apply to this stage of this case when title is resolved and the scope of the road is at issue.

### 4.2.1   SUWA's Motion to Intervene is Timely

Rule 24 requires a "timely motion."[94] Neither Kane County nor the United States argue that SUWA's Motion was untimely.

### 4.2.2   SUWA Possesses an Interest Relating to the Sand Dunes Road That May Be Impaired

SUWA has an interest in the property. In *San Juan*, the Tenth Circuit said: "We think it indisputable that SUWA's environmental concern is a legally protectable interest."[95] And as stated in *Kane IV*, "under governing law, SUWA has an interest that may as a practical matter be impaired or impeded."[96] Kane County's argument that the road is what the road is and cannot be affected by this litigation ("the Sand Dunes Road will continue as a high-speed paved road regardless of the outcome of this lawsuit")[97] assumes that the road is what Kane County says it is. The argument is fallacious.

---

[91] Opposition at 4.

[92] *Kane Cnty. (1), Utah v. United States*, No. 2:08-CV-315, 2009 WL 959804, at *4 (D. Utah Apr. 6, 2009), aff'd, 597 F.3d 1129 (10th Cir. 2010).

[93] Opposition at 5; *Kane County, Utah, v. United States*, App. No. 13-4108, Order dated September 2, 2014, 2013, attached to Opposition as Exhibit 4.

[94] Fed. R. Civ. P. 24(a)(1)

[95] *San Juan,* 503 F.3d at 1199.

[96] *Kane IV,* 94 F.3d, at 1030 (citations omitted).

[97] Opposition at 10.

### 4.2.3 The United States Does Not Adequately Represent SUWA's Interests

SUWA must show that the United States might not adequately represent that interest to be entitled to intervention as of right.[98] This is a low bar, imposing the "minimal" burden of showing that "the representation 'may be' inadequate."[99] Moreover, the Tenth Circuit has "'relaxed' intervention requirements in 'cases raising significant public interests' such as this one," and has called for a "liberal approach to intervention."[100]

SUWA's argues that it diverges from United States' interests because the United States demonstrated a desire to "resolve" this case by disclaiming any federal interest in the Sand Dunes Road.[101] Kane County dismisses that divergence as a "litigation strategy."[102] But it is an illustration of an approach SUWA would not have taken. "SUWA seeks to advocate for continued federal ownership and protection of the Sand Dunes Road and adjacent federal lands, while the United States seeks to disclaim any such interest or obligation."[103] This is a significant divergence.

More significant is the divergence of interest when the scope of the right of way is at issue. "In litigating on behalf of the general public, the government is obligated to consider a broad spectrum of views, many of which may conflict with the particular interest of the would-be intervenor."[104] "SUWA's goal is to limit as much as possible the number of vehicles on the

---

[98] *Kane III,* 928 F.3d at 892.

[99] *Id.* (emphasis added).

[100] *Id.* at 896–97 (citations omitted).

[101] Motion at 8.

[102] Opposition at 11.

[103] Motion at 8.

[104] *Utah Association of Counties v. Clinton*, 255 F.3d 1246, 1256 (10th Cir. 2001)

roads, but the United States' objectives 'involve a much broader range of interests, including competing policy, economic, political, legal, and environmental factors.'"[105]

Because SUWA's position in this case is "materially indistinguishable"[106] from the facts in *Kane III* and *Kane IV*, intervention is compelled.

In *Kane III* and *Kane IV*, SUWA was entitled to intervene as to scope. While the Tenth Circuit has never permitted SUWA to intervene as to title, the United States' does not adequately represent SUWA's interest of ensuring the road has the narrowest possible scope. SUWA is permitted to intervene as to scope.

## 5   ORDER

IT IS HEREBY ORDERED that SUWA's Motion to Intervene[107] is GRANTED. SUWA is granted intervention as of right as a full party defendant in this action from this point forward. SUWA shall file its Answer or other responsive pleading within fourteen (14) days of this Order. All future scheduling orders and deadlines shall apply equally to SUWA.

Dated March 13, 2026.

BY THE COURT:

David Nuffer
United States District Judge

---

[105] *Kane III*, 928 F.3d at 894 (quoting *See San Juan County*, 503 F.3d at 1229 (Ebel, J., concurring in part, and dissenting in part) (citing 16 U.S.C. §§ 1, 1a–1, 271d)).

[106] *Kane IV*, 94 F.4th at 1034.

[107] Motion to Intervene as of Right and Memorandum in Support, docket no. 30, filed December 22, 2025.