# EXHIBIT 1

Stephen H.M. Bloch (#7813)
Hanna Larsen (#18458)
SOUTHERN UTAH WILDERNESS
ALLIANCE
425 East 100 South
Salt Lake City, UT 84111
Telephone: (801) 486-3161
steve@suwa.org
hanna@suwa.org

*Attorneys for Proposed Defendant-Intervenor Southern Utah Wilderness Alliance*

Mitch M. Longson (#15661)
MANNING CURTIS BRADSHAW
& BEDNAR PLLC
201 South Main Street, Suite 750
Salt Lake City, UT 84111
Telephone: (801) 363-5678
mlongson@mc2b.com

Trevor J. Lee (#16703)
HOGGAN LEE HUTCHINSON
257 East 200 South, #1050
Salt Lake City, UT 84111
Telephone: (435) 615-2264
trevor@hlh.law

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH
CENTRAL DIVISION, SOUTHERN REGION

| | |
|---|---|
| **KANE COUNTY (5), UTAH**, a political subdivision, and the **STATE OF UTAH**,<br><br>Plaintiffs,<br><br>v.<br><br>**UNITED STATES OF AMERICA**, Defendant, and<br><br>**SOUTHERN UTAH WILDERNESS ALLIANCE**,<br><br>Proposed Intervenor-Defendant. | **[PROPOSED] RESPONSE TO PLAINTIFFS' UNOPPOSED MOTION FOR ORDER TO CONFIRM AMENDED PARTIAL DISCLAIMER**<br><br>Case No. 4:25-cv-00059-DN-PK<br><br>Judge David Nuffer<br>Magistrate Judge Paul Kohler |

Proposed Intervenor-Defendants Southern Utah Wilderness Alliance ("SUWA"), through counsel, respectfully submits this Response to Plaintiffs' "Unopposed" Motion for Order to Confirm Amended Partial Quiet Title Act Disclaimer.

## **<u>INTRODUCTION</u>**

On March 13, 2026, Defendant United States filed an Amended Partial Quiet Title Act Disclaimer ("Amended Partial Disclaimer") that "partially disclaims an interest adverse to" Plaintiffs' Revised Statute ("R.S.") 2477 claim to the K1000 Sand Dunes Road.[1] In particular, the Amended Partial Disclaimer now states that

1.  the Sand Dunes Road is mostly "paved";

2.  the total disturbed width ranges from 47-66 feet; and

3.  the Sand Dunes Road "has been used by the general public as a thoroughfare to western points, including St. George, Utah, and to the Arizona State border, and also to provide public access to recreational uses, including access to the Coral Pink Sand Dunes State Park, among other public uses."[2]

Aside from one footnote referring to aerial images from 1974 and 2021,[3] BLM does not explain how it came to these conclusions. In particular, BLM does not explain how it concluded the road is mostly "paved" when it and the Plaintiffs had previously stated the Sand Dunes Road is "chip sealed."[4]

Plaintiffs filed their "Unopposed" Motion for Order to Confirm Amended Partial Quiet Title Act Disclaimer ("Confirmation Motion") ten days later.[5] The Confirmation Motion simply

---

[1] *See generally* Amended Partial Quiet Title Act Disclaimer ("Amended Partial Disclaimer") (ECF No. 51).

[2] *Id.*

[3] *Id.* n.1

[4] *Compare* Amended Partial Disclaimer, 2 (describing the Sand Dunes Road as "paved") *with* Partial Quiet Title Act Disclaimer ("Original Partial Disclaimer"), 2 (ECF No. 29) (describing the Sand Dunes Road as "chip sealed."); *see generally* Complaint (explaining Sand Dunes Road is largely chip sealed) (ECF NO. 1); *id.* ¶ 49 (explaining "Kane County must soon improve the surface of the road by converting it from chip seal to pavement").

[5] *See generally* Unopposed Mot. for Order to Confirm Amended Partial Quiet Title Act Disclaimer ("Confirmation Motion") (ECF No. 56).

cites the Quiet Title Act's disclaimer provision,[6] stating that Plaintiffs "intend to dismiss their [Quiet Title Act] claim in light of the [Amended Partial Disclaimer]" and requesting the Court confirm the Amended Partial Disclaimer.[7] Plaintiffs make no effort to explain why, in their view, the Quiet Title Act's disclaimer provision applies in this instance.

## ARGUMENT

In this case's current posture, several procedural and jurisdictional issues remain pending that preclude the Court from approving the Amended Partial Disclaimer pursuant to the Quiet Title Act.[8] Consequently, the Court must deny the Confirmation Motion. But even assuming there were no procedural and jurisdictional concerns, the Court still must deny the Motion because the Quiet Title Act does not apply to partial disclaimers such as the Amended Partial Disclaimer.

**I.      There are Outstanding Procedural and Jurisdictional Issues that Should be Resolved Prior to Addressing the Claimed Sand Dunes Road Right-of-Way or the Amended Partial Disclaimer.**

On January 16, 2026, the Court held a status conference and educational hearing to provide the Court with additional context for the case and to determine how this case should proceed in light of the partial disclaimer filed on December 19, 2025 (which has been superseded by the Amended Partial Disclaimer).[9] As the United States conceded at that hearing, the logical first step is for the Court to decide SUWA's Motion to Intervene, then (assuming intervention is granted) to decide SUWA's Motion to Dismiss, before turning to the merits of the case.[10] This

---

[6] 28 U.S.C. § 2409a(e).
[7] Confirmation Motion 2.
[8] 28 U.S.C. § 2409a(e).
[9] *See* Original Partial Disclaimer; Amended Partial Disclaimer 1.
[10] *See* Hr'g Tr. 62-63, 67 (Jan. 16, 2026).

case is in the same posture it was during that hearing, with the only difference being that the Amended Partial Disclaimer now provides additional details for what the United States is willing to give up to Plaintiffs. It does not cure the procedural and jurisdictional deficiencies that were present then and are still present now as explained below.

*First*, the Court should re-issue a decision granting SUWA's pending Motion to Intervene in light of the Amended Partial Disclaimer. As explained in its Motion to Intervene, SUWA's motion is timely, SUWA claims an interest relating to the Sand Dunes Road and confirming the Amended Partial Disclaimer may "impair or impede" SUWA's "ability to protect its interest," and the United States does not adequately represent SUWA's interests in this litigation.[11] Pursuant to the Court's Order, SUWA will further explain how the Amended Partial Disclaimer impairs SUWA's interest in its court-ordered supplemental memorandum forthcoming on April 2, 2026.[12] At the very least, it is premature for the Court to act on the Confirmation Motion prior to deciding SUWA's Motion to Intervene as supplemented by SUWA's April 2 memorandum and any responsive briefing filed thereafter.

*Second*, the Court does not have subject matter jurisdiction to approve any disclaimer of interest under the Quiet Title Act. This argument is detailed in SUWA's proposed Motion to Dismiss, which it plans to file promptly after being granted intervention as of right. However, for the Court's convenience, and because the Court must confirm whether it has subject matter jurisdiction to adjudicate this case,[13] the main points are summarized here.

---

[11] Fed. R. Civ. P. 24(a)(2).
[12] *See* Order Mem. Decision and Ordering Mem. 2 (ECF No. 53).
[13] *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006).

The Quiet Title Act is the "exclusive means" by which Plaintiffs can challenge the United States' title to real property.[14] However, a lawsuit under the Act may only be brought to adjudicate <u>disputed</u> title to the property in which the United States claims an interest,[15] and that dispute must be present at the time the complaint is filed.[16] As SUWA explains in its proposed Motion to Dismiss, in this lawsuit, there is no dispute of title, nor was there one when this lawsuit commenced.[17] As such, the Court does not have subject matter jurisdiction under the Quiet Title Act to adjudicate this case. As a result, the Court has no authority to approve any disclaimer filed pursuant to 28 U.S.C. § 2409a(e).[18]

***

Simply put, the Confirmation Motion puts the cart before the horse. At best, it is premature for the Court to decide this Motion before deciding SUWA's Motion to Intervene, particularly when SUWA has made it clear that, if granted intervention, it intends to raise important jurisdictional questions that, thus far, the Court has not had the opportunity to address.

## II.    The Quiet Title Act's Disclaimer Provision Does Not Apply to Partial Disclaimers of Interest.

Assuming, *arguendo*, that the Court could decide the Confirmation Motion prior to addressing SUWA's pending Motion to Intervene (and therefore prior to addressing SUWA's motion to dismiss), the Court must nonetheless deny the Confirmation Motion because the Quiet Title Act does not contemplate partial disclaimers of interest.

---

[14] Proposed Mot. to Dismiss 8 (ECF No. 30-3) (citing *Block v. N.D. ex rel. Bd. of Univ. & Sch. Lands*, 461 U.S. 273, 286 (1983)).

[15] *Id.* (citing 28 U.S.C. 2409a(a)).

[16] *Id.* (citing *Leisnoi, Inc. v. United States*, 170 F.3d 1188, 1192-93 (9th Cir. 1999)).

[17] *See id.* at 8-17 (arguing in detail why there is no dispute of title over the Sand Dunes Road).

[18] *See id.* at 17-18 (explaining why subject matter jurisdiction is a prerequisite to a Quiet Title Act disclaimer).

The Quiet Title Act's disclaimer provision provides that

[i]f the United States disclaims <u>all</u> interest in the real property or interest therein adverse to the plaintiff at any time prior to the actual commencement of the trial, which disclaimer is confirmed by order of the court, the jurisdiction of the district court shall cease[19]

unless the Court retains jurisdiction over the case independent of the Quiet Title Act Inherently, and as its name suggests, the Amended Partial Disclaimer does <u>not</u> disclaim all interest adverse to the Plaintiffs. As the United States explained at the January 16 hearing, the original partial disclaimer filed in December 2025 was styled as such because "it does not meet all the requirements for the Quiet Title Act" to allow the Court to simply dismiss the case pursuant to 28 U.S.C. § 2409a(e), and "there is currently an open question of scope."[20] The Amended Partial Disclaimer is styled the same[21] and because the Amended Partial Disclaimer does not provide any evidence supporting the United States' changed conclusion regarding the surface of the road, and new conclusions on the width of the total disturbance, and the traditional uses of the road, the open question of the scope Plaintiffs may be entitled to remains.[22]

Furthermore, neither the United States (in the Amended Partial Disclaimer) nor Plaintiffs (in the Confirmation Motion) make any effort to explain how a <u>partial</u> disclaimer of interest, apparently filed pursuant to 28 U.S.C. 2409a(e), falls within the purview of the Quiet Title Act at all when that provision (the only provision addressing disclaimer) pertains to the scenario wherein the United States disclaims <u>all</u> interest.[23] In short, there is simply no legal basis on

---

[19] 28 U.S.C. § 2409a(e) (emphasis added).
[20] Hr'g Tr. 32-33.
[21] *Compare* Amended Partial Disclaimer (ECF No. 51) *with* Partial Quiet Title Act Disclaimer (ECF No. 29).
[22] *See* Amended Partial Disclaimer 2.
[23] 28 U.S.C. § 2409a(e).

which the Court may rely to grant the Confirmation Motion confirming the Amended Partial

Disclaimer so that Motion must be denied.

### **CONCLUSION**

Given the outstanding procedural issues, jurisdictional questions, and lack of legal

authority for the Amended Partial Disclaimer, the Court should deny the Confirmation Motion.

Respectfully submitted March 26, 2026.

/s/ *Hanna Larsen*
Stephen H.M. Bloch, #7813
Hanna Larsen, #18458
SOUTHERN UTAH WILDERNESS ALLIANCE

Mitch M. Longson, #15661
MANNING CURTIS BRADSHAW
& BEDNAR PLLC

Trevor J. Lee, #16703
HOGGAN LEE HUTCHINSON

*Attorneys for Proposed Intervenor-Defendants*
*Southern Utah Wilderness Alliance*

7