ADAM R. F. GUSTAFSON, Principal Deputy Assistant Attorney General
JOSEPH H. KIM, Trial Attorney
Natural Resources Section
Environment & Natural Resources Division
United States Department of Justice
P.O. Box 7611
Washington, D.C. 20044-7611
(202) 305-0207

Attorneys for Defendant United States of America

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| KANE COUNTY, UTAH (5), a Utah political subdivision; and STATE OF UTAH,<br><br>        Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>        Defendant. | **DEFENDANT'S MEMORANDUM REGARDING THE IMPACT OF THE AMENDED PARTIAL QTA DISCLAIMER**<br><br>Case No. 4:25-cv-00059-DN-PK<br><br>Judge David Nuffer<br>Magistrate Judge Paul Kohler |

Pursuant to the Court's Orders dated March 16, 2026 [Dkt. No. 53], and March 26, 2026 [Dkt. No. 61], the United States submits this memorandum (1) describing the impact of the Amended Partial QTA Disclaimer on this case, (2) describing the differences between the scope of the right-of-way sought in the Complaint and the scope of the Disclaimer, and (3) supporting the use of a partial disclaimer in a Quiet Title Act case.

On December 19, 2025, the United States filed a Partial Quiet Title Act Disclaimer [Dkt. No. 29].  That filing disclaimed title to a right of way for the Sand Dunes Road, where the scope was described using a mix of qualitative and quantitative measures.  As noted in that filing, "[f]urther proceedings may be necessary to the extent that Plaintiffs assert a claim that exceeds the scope disclaimed herein."

On March 13, 2026, the United States filed an Amended Partial Quiet Title Act Disclaimer [Dkt. No. 51] ("Amended Partial Disclaimer").  *See also* Dkt. No. 61 at 1.  That filing amended the prior disclaimer to clarify and refine (again using a mix of qualitative and quantitative measures) the scope of that disclaimer.  That filing similarly noted that "[f]urther proceedings may be necessary to the extent that Plaintiffs assert a claim that exceeds the scope disclaimed herein."

In response to the Court's first question, the effect of the Amended Partial Disclaimer is to narrow the scope of the case or controversy before this Court.  Because the United States has renounced any interest in title to the right-of-way described in the Amended Partial Disclaimer, only those aspects of Plaintiffs' alleged right-of-way that have not already been disclaimed remain pending for adjudication before this Court.

Turning to the Court's second question, the precise differences between the scope of the right-of-way sought in the Complaint and the scope of the Amended Partial Disclaimer are difficult to define because the Amended Partial Disclaimer does not delineate precise boundaries. While the Complaint describes a right-of-way with a uniform "width of 66 feet (33 feet from the centerline descriptions provided" by the Complaint), Dkt. No. 1 at ¶ 81, the Amended Partial Disclaimer effectively adopts the same centerline but determines width based on actual surface disturbance in 1976.  See Dkt. No. 51 at 2 and 2 n.1.  As a practical matter, this results in a scope including a width of 66 feet in some areas, but there are other areas where the scope has a narrower width.

Moving forward, if Plaintiffs wished to adjudicate any elements of their claim that exceed the scope of the United States' disclaimer, they would need to adduce evidence at trial showing a basis for any greater scope (such as pre-1976 construction in an area).  Were Plaintiffs to choose

that path, Defendants would agree that it would make sense for the Court first to decide SUWA's Motion to Intervene, and then (assuming intervention is granted), for the Court to decide SUWA's Motion to Dismiss, before turning to the merits of the case. *See* Dkt. No. 58-1 at 3. But this discussion of future proceedings is academic because Plaintiffs have already indicated that they "intend to dismiss their QTA claim in light of the Amended Partial Disclaimer, *notwithstanding any inconsistency between the Amended Partial Disclaimer and the alleged right of way as described in the Complaint*." Dkt. No. 56 at 2 (emphasis added). Because it is Plaintiffs' prerogative to dismiss their Complaint under Rule 41(a)(1)(A), there is no need for this Court to address SUWA's Motion to Intervene or its proposed Motion to Dismiss.

The Court's final question requests briefing "supporting the use of a partial disclaimer in a Quiet Title Act case." Dkt. No. 61 at 2. This question is prompted by SUWA's argument that a partial disclaimer is not contemplated by the Quiet Title Act and thus cannot have the effect of causing jurisdiction to cease under 28 U.S.C. § 2409a(e). Dkt. No. 58-1 at 6. SUWA is correct that the Amended Partial Disclaimer, even if confirmed, will not cause the Court's jurisdiction to cease by operation of 28 U.S.C. § 2409a(e). This is because the Court will naturally retain jurisdiction over those parts of the case where there remains a case or controversy, consistent with Article III principles. In order for any remaining case or controversy to be extinguished, the Plaintiffs will have to voluntarily dismiss their claim (as Plaintiffs have already indicated they will do, *see* Dkt. No. 56 at 2).[1] But SUWA is incorrect insofar as they contend that the Partial

---

[1] Whether confirmation serves any purpose under these circumstances is unclear. By its plain language, it appears the confirmation contemplated in 28 U.S.C. § 2409a(e) is necessary only to ensure that the disclaimer indeed encompasses all interests adverse to the plaintiff – thus ensuring that no case or controversy remains so that jurisdiction can cease. As the district court in *LaFargue v. United States* observed, however, "the legislative history of the QTA does not reveal what Congress intended this confirmation by the district court to entail." *LaFargue v. United States*, 4 F.Supp.2d 580, 589 (E.D. La. 1998). In the absence of guidance, some courts

Amended Disclaimer requires confirmation to have legal effect.  A disclaimer renounces any title interest by the United States to the property described therein, thus terminating any case or controversy with regard to the disclaimed interest.

RESPECTFULLY SUBMITTED this 2nd day of April, 2026.

ADAM R. F. GUSTAFSON
Principal Deputy Assistant Attorney General

*/s/ Joseph H. Kim*
JOSEPH H. KIM, Trial Attorney
Natural Resources Section
Environment & Natural Resources Division
United States Department of Justice
P.O. Box 7611
Washington, D.C. 20044-7611
Telephone: (202) 305-0207

*Attorneys for the United States*

---

have interpreted the confirmation requirement as a mere "formality," *see Madan v. United States*, 850 F.Supp. 148, 151 (N.D.N.Y.1994), while others have deemed it appropriate to consider whether the federal government is disclaiming in bad faith in order to prejudice a quiet title plaintiff, *see W. H. Pugh Coal Co. v. United States*, 418 F. Supp. 538, 539 (E.D. Wis., 1976). Regardless of which approach is correct, there can be no prejudice to Plaintiffs here because it is Plaintiffs—not the United States—who have moved for confirmation of the United States' disclaimer.