Shawn T. Welch (#7113)
Richard D. Flint (#7525)
Sydney J. Sell (#17313)
B. Ryder Seamons (#19681)
HOLLAND & HART LLP
222 S. Main Street, Suite 2200
Salt Lake City, Utah 84101
Telephone: (801) 799-5800
stwelch@hollandhart.com
rdflint@hollandhart.com
sjsell@hollandhart.com
brseamons@hollandhart.com

Jeffrey Stott (#14344)
Kane County Attorney
76 N. Main Street
Kanab, Utah 84741
Telephone: (435) 644-5278
jstott@kane.utah.gov

*Attorneys for Plaintiff Kane County, Utah*

Kathy A.F. Davis (#4022)
K. Tess Davis (#15831)
ASSISTANT ATTORNEYS GENERAL
Derek Brown (#10476)
UTAH ATTORNEY GENERAL
1594 W. North Temple, 3rd Floor
Salt Lake City, Utah 84116
Telephone: (801) 537-9801
kathydavis@agutah.gov
kaitlindavis@agutah.gov

*Attorneys for Plaintiff State of Utah*

## IN THE UNITED STATES JUDICIAL DISTRICT COURT FOR THE DISTRICT OF UTAH, SOUTHERN REGION OF THE CENTRAL DIVISION

| | |
|---|---|
| KANE COUNTY, UTAH, a Utah political subdivision, and the STATE OF UTAH,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | **PLAINTIFFS' MEMORANDUM IN RESPONSE TO ORDERS**<br><br>Case No. 4:25-cv-00059 DN-PK<br><br>District Judge David Nuffer<br>Magistrate Judge Paul Kohler |

Plaintiffs Kane County, Utah ("Kane County") and the State of Utah ("State"),

(collectively "Plaintiffs") hereby submit their Memorandum in Response to the Court's Orders

ECF 53 and ECF 61.

The Court's Order Withdrawing Memorandum Decision and Ordering Memoranda (ECF 53) directed the parties to file memoranda describing the impact of the Amended Partial QTA Disclaimer on this case. The Court's Order Regarding Supplemental Memoranda (ECF 61) further directed the parties to file memoranda describing the difference between the scope of the right-of-way sought in the Complaint and the scope of the Disclaimer, and supporting the use of a partial disclaimer in a Quiet Title Act case. Additionally, the Court ordered that SUWA's Proposed Response to Plaintiffs' Unopposed Motion For Order to Confirm Amended Partial Disclaimer be treated as an Amicus Memorandum.[1]

### I.      Congress Enacted The Disclaimer Option To Preserve The United States' Sovereign Immunity And Avoid Unnecessary or Protracted Litigation.

Plaintiffs filed suit under the federal Quiet Title Act, ("QTA").[2] Prior to 1972, sovereign immunity barred plaintiffs from suing the United States to settle title disputes. A prospective plaintiff could petition Congress for special waiver legislation to allow a specific title suit, or, as was often attempted, plaintiffs would file an officer suit to enjoin federal officials from interfering with the plaintiff's land. These repeated and problematic approaches were not practical, including when the United States did not actually claim an adverse interest in the title. Absent special legislation, United States employees lacked the authority to sign a document relinquishing an ostensible federal claim to title.

"Congress sought to rectify this state of affairs" by enacting the QTA.[3] The QTA provides a limited waiver of the United States' sovereign immunity so that it may be named as a

---

[1] *See* Minute Order, ECF 62

[2] 28 U.S.C. § 2409a.

[3] *Block v. North Dakota*, 461 U.S. 273, 282 (1983), *overruled on other grounds by Wilkins v. United States*, 598 U.S. 152 (2023) (QTA statute of limitations is not jurisdictional).

party defendant in a civil action "to adjudicate a disputed title to real property in which the United States claims an interest."[4] "The basic rule of federal sovereign immunity is that the United States cannot be sued at all without the consent of Congress."[5] "A necessary corollary of this rule is that when Congress attaches conditions to legislation waiving the sovereign immunity of the United States, those conditions must be strictly observed, and exceptions thereto are not to be lightly implied."[6]

Here, on March 13, 2026, the United States filed an Amended Partial Quiet Title Act Disclaimer ("Amended Partial Disclaimer").[7] The QTA provides that if "the United States disclaims all interest in the real property or interest therein adverse to the plaintiff at any time prior to the actual commencement of the trial, which disclaimer is confirmed by order of the court, the jurisdiction of the district court shall cease" unless the Court has jurisdiction independent from the QTA.[8] The disclaimer provision implements Congress' specific decision to limit the United States' exposure to unnecessary or protracted litigation and preserve the United States' sovereign immunity.

While there is little case law discussing disclaimers, the existing law confirms the jurisdictional effect of a disclaimer. "In view of the disclaimer submitted by the United States, I deem it inappropriate for this court to retain jurisdiction. There is really nothing to which this action can be deemed pendent in its present posture in this court."[9] "Under these circumstances,

---

[4] 28 U.S.C. § 2409a(a).

[5] *Block,* 461 U.S. at 287.

[6] *Id.*

[7] ECF 51.

[8] 28 U.S.C. § 2409a(e).

[9] *W. H. Pugh Coal Co. v. United States*, 418 F. Supp. 538, 539 (E.D. Wis. 1976).

the confirmation of the disclaimer of the United States is deemed a formality and one which this court should not deny."[10] Another court stated that "federal courts could be divested of jurisdiction once it attaches if the government determines that it never had an interest in the disputed property or that, while it might have an interest, it does not wish to assert it."[11]

Plaintiffs must note the unique history of the Sand Dunes Road title dispute. As shown in Plaintiffs' Rule 57 Motion (ECF 14), in 2010 the United States admitted that Plaintiffs own title to the Sand Dunes Road and the district court confirmed Plaintiffs' ownership in 2011.[12] Plaintiffs later proved their ownership of a 66-foot right-of-way by clear and convincing evidence.[13] "The 66-foot right-of-way will allow room to maneuver equipment, repair culverts, clear vegetation, obtain fill, and divert water to maintain the roads to their present travel surface."[14]

Here, Plaintiffs have shown that the United States disputed title to the Sand Dunes Road and the Court has subject matter jurisdiction.[15] Plaintiffs have shown that in the years following dismissal of the Sand Dunes Road lawsuit, the United States disputed Plaintiffs' title.[16] "Because the United States does not treat any road as being an R.S. 2477 right-of-way absent judicial adjudication, this is another action where the United States is setting forth parameters governing

---

[10] *Id.*

[11] *LaFargue v. United States*, 4 F. Supp. 2d 580, 590 (E.D. La. 1998).

[12] ECF 14, at 7. Page references are to the ECF page numbers in the header.

[13] *Id. See also Kane County, Utah (1) v. United States*, No. 2:08-cv-0315 CW, 2013 U.S. Dist. LEXIS 40118, *176 (D. Utah Mar. 20, 2013), rev'd on other grounds 772 F.3d 1205 (10th Cir. 2014); *see also, Id.*, at *118-19 (clear and convincing evidence).

[14] *Kane County, Utah (1)*, 2013 U.S. Dist. LEXIS 40118, at *177.

[15] ECF 14, at 15-18.

[16] Complaint, ECF 1, at 10-15; Rule 57 Motion, ECF 14, at 15-18.

Kane County's transportation system."[17] This is "an implicit dispute of Plaintiffs' title because such unilateral decision making is contrary to the rights of a holder. The United States is exerting control over the status of roads unless a court determines Plaintiffs own the right-of-way and title is quieted in Plaintiffs' favor."[18]

The Court had jurisdiction when Plaintiffs filed the Complaint and now the United States has disclaimed its interest adverse to Plaintiffs. In a practical sense, the Amended Partial Disclaimer settles this title dispute. SUWA, a party with no title at stake, may wish to force the governments to litigate on, but that would be contrary to the United States' sovereign immunity and beyond the Court's subject matter jurisdiction under the QTA. As stated by the Tenth Circuit, "SUWA could not block a settlement."[19]

Accordingly, the Court should enter its order confirming the disclaimer and, because no responsive pleading has been filed, Plaintiffs will file a notice of dismissal under Federal Rule of Civil Procedure 41(a)(1)(A)(i).

### II.    The Scope Of The Right-of-Way Sought In The Complaint And The Scope Of The Disclaimer.

Plaintiffs' Complaint[20] and Rule 57 motion[21] carefully detail the traditional uses and nature of the Sand Dunes Road, both before and after R.S. 2477 was repealed in 1976. In *Kane County (1)*, the court found that "a 66-foot right-of-way is appropriate" for the Sand Dunes

---

[17] *Kane County v. United States*, 2024 U.S. Dist. LEXIS 142312, at *86 (D. Utah Aug. 9, 2024).

[18] *Id*. at *86-87.

[19] *San Juan County v. United States*, 503 F.3d 1163, 1173 (10th Cir. 2007) (en banc). *See also Kane Cty. v. United States*, 928 F.3d 877, 896 (10th Cir. 2019) ("SUWA will not be entitled to veto any settlement agreement between the United States and the plaintiffs [and] any settlement will require court approval.").

[20] *See generally*, ECF 1.

[21] *See generally*, ECF 14.

Road.[22] Although not adopted by the court, a Utah statute provides "an R.S. 2477 right-of-way is presumed to be at least 66 feet wide if that is the usual width of highway rights-of-way in the area."[23]

The Amended Partial Disclaimer "partially disclaims an interest adverse to the claim of the Plaintiffs . . . to an approximately 66-foot highway right-of-way" for the Sand Dunes Road.[24] The Amended Partial Disclaimer provides a narrative description of the Sand Dunes Road, which is mostly paved, but has a short chip sealed section, and describes the historical operational width of the road – the right-of-way. A 66-foot right-of-way is the width required for a high-speed two-lane road with a 24- to 30-foot pavement and chip sealed travel surface; the road is not 66-feet wide.[25]

Notably, Plaintiffs' claim does not involve fee simple in a defined parcel. "A right of way is not tantamount to fee simple ownership of a defined parcel of territory. Rather, it is an entitlement to use certain land in a particular way."[26] The United States has an interest in the servient estate, an interest that is not claimed by Plaintiffs, but the United States' disclaimer of "any [R.S. 2477] title interest in the Sand Dunes Road that is consistent with a two-lane highway" is sufficient.[27] Although R.S. 2477 was repealed,

> That did not mean, however, that the road had to be maintained in precisely the same condition it was in on October 21, 1976; rather, it could be improved as necessary to meet the exigencies of increased travel, so long as this was done in

---

[22] *Kane County, Utah (1),* 2013 U.S. Dist. LEXIS 40118, *176.

[23] Utah Code § 72-5-302(4)(b).

[24] ECF 51, at 1.

[25] *See Kane County, Utah (1),* 2013 U.S. Dist. LEXIS 40118, *15-18.

[26] *S. Utah Wilderness All. v. BLM*, 425 F.3d 735, 747 (10th Cir. 2005).

[27] ECF 51, at 1.

the light of traditional uses to which the right-of-way was put as of repeal of the statute in 1976.[28]

The Amended Partial Disclaimer is sufficiently consistent with Plaintiffs' claimed right-of-way as pleaded in the Complaint and should be confirmed by the Court.

### III.    The Partial Disclaimer Is Authorized By The Quiet Title Act.

The QTA contemplates a circumstance where the United States may choose to disclaim something less than the entire interest in a complaint. "If the United States disclaims all interest in the real property *or interest therein adverse to the plaintiff* at any time prior to the actual commencement of the trial, which disclaimer is confirmed by order of the court, the jurisdiction of the district court shall cease."[29]

Consider a suit where a plaintiff sues the United States claiming Sections 1, 2 and 3 of a particular township. If prior to trial the United States files a partial disclaimer comprised of Sections 1 and 2, and that is confirmed by the court, the court's subject matter jurisdiction over sections 1 and 2 ceases, but the case can proceed as to Section 3.

Plaintiffs note that SUWA's arguments and efforts in this matter seek to oppose Plaintiffs' title. Binding Tenth Circuit law holds that SUWA cannot litigate title.[30] As detailed by Judge Waddoups, SUWA has struggled to respect the boundaries set by the courts.[31]

---

[28] *Id*. at 746 (cleaned up; citation omitted).

[29] 28 U.S.C. § 2409a(e) (emphasis added).

[30] *Kane Cty. v. United States*, 928 F.3d 891 (SUWA's participation is limited to scope).

[31] *See generally, Kane Cty. v. United States*, 333 F.R.D. 225 (D. Utah 2019).

Respectfully submitted this 2nd day of April, 2026.

HOLLAND & HART LLP

*/s/ Shawn T. Welch*
Shawn T. Welch
Richard D. Flint
Sydney J. Sell
Ryder Seamons
Attorneys for Plaintiff Kane County, Utah

UTAH ATTORNEY GENERAL'S OFFICE

*/s/ K. Tess Davis**
Kathy A.F. Davis
K. Tess Davis
Assistant Attorneys General
Attorneys for Plaintiff State of Utah

\* Signed with permission given to filing counsel

37451539_v1

8