Stephen H.M. Bloch (#7813)
Hanna Larsen (#18458)
SOUTHERN UTAH WILDERNESS
ALLIANCE
425 East 100 South
Salt Lake City, UT 84111
Telephone: (801) 486-3161
steve@suwa.org
hanna@suwa.org

*Attorneys for Proposed Defendant-Intervenor
Southern Utah Wilderness Alliance*

Mitch M. Longson (#15661)
MANNING CURTIS BRADSHAW
& BEDNAR PLLC
201 South Main Street, Suite 750
Salt Lake City, UT 84111
Telephone: (801) 363-5678
mlongson@mc2b.com

Trevor J. Lee (#16703)
HOGGAN LEE HUTCHINSON
257 East 200 South, #1050
Salt Lake City, UT 84111
Telephone: (435) 615-2264
trevor@hlh.law

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH
CENTRAL DIVISION, SOUTHERN REGION

| | |
|---|---|
| **KANE COUNTY (5), UTAH**, a political subdivision, and the **STATE OF UTAH**, <br><br> Plaintiffs, <br><br> v. <br><br> **UNITED STATES OF AMERICA**, <br><br> Defendant, and <br><br> **SOUTHERN UTAH WILDERNESS ALLIANCE**, <br><br> Proposed Intervenor-Defendant. | **SUPPLEMENTAL MEMORANDUM IN SUPPORT OF SUWA'S MOTION TO INTERENE** <br><br> Case No. 4:25-cv-00059-DN-PK <br><br> Judge David Nuffer <br> Magistrate Judge Paul Kohler |

In accordance with the Court's Orders issued on March 16 and 26, 2026,[1] Proposed Intervenor-Defendant Southern Utah Wilderness Alliance ("SUWA"), through counsel, respectfully submits this Supplemental Memorandum in Support of SUWA's Motion to Intervene.

## INTRODUCTION

On March 13, 2026, Defendant United States filed an Amended Partial Quiet Title Act Disclaimer ("Amended Partial Disclaimer") that "partially disclaims an interest adverse to" Plaintiffs' Revised Statute ("R.S.") 2477 claim to the K1000 Sand Dunes Road.[2] In particular, the Amended Partial Disclaimer states that

1. the Sand Dunes Road is mostly "paved";

2. the total disturbed width ranges from 47-66 feet; and

3. the Sand Dunes Road "has been used by the general public as a thoroughfare to western points, including St. George, Utah, and to the Arizona State border, and also to provide public access to recreational uses, including access to the Coral Pink Sand Dunes State Park, among other public uses."[3]

Aside from one footnote referring to aerial images from 1974 and 2021,[4] the United States does not explain how it came to these conclusions or the basis for them. In particular, the United States does not explain how it concluded the road is mostly "paved" when both it and Plaintiffs previously stated that the Sand Dunes Road is "chip sealed."[5]

---

[1] *See generally* Order Mem. Decision and Ordering Mem. (ECF No. 53); Order Regarding Supp. Mem. (ECF No. 61).
[2] *See generally* Amended Partial Quiet Title Act Disclaimer ("Amended Partial Disclaimer") (ECF No. 51).
[3] *Id.*
[4] *Id.* n.1
[5] *Compare* Amended Partial Disclaimer, 2 (describing the Sand Dunes Road as "paved") *with* Partial Quiet Title Act Disclaimer ("Original Partial Disclaimer"), 2 (ECF No. 29) (describing

That same day, recognizing that SUWA has an interest that may be impaired by this Quiet Title Act ("QTA") litigation over the Sand Dunes Road (the "Road"), this Court granted SUWA intervention as of right in this case.[6] However, the Court subsequently withdrew its intervention decision in light of the Amended Partial Disclaimer and ordered supplemental briefing on the impact of the Amended Partial Disclaimer on this case and on SUWA's Motion to Intervene.[7]

For the reasons explained in this memorandum, the Amended Partial Disclaimer bolsters SUWA's right to intervene in this case and the Court should re-issue a decision granting SUWA intervention as of right.

## ARGUMENT

**I.    The Amended Partial Disclaimer Reinforces SUWA's Standing to Intervene in This Case.**

As this Court observed, the Tenth Circuit has consistently recognized that SUWA—to the extent it needs to demonstrate standing—has Article III standing to intervene in R.S. 2477 litigation[8] and repeatedly held that SUWA's environmental concern regarding alleged R.S. 2477

---

the Sand Dunes Road as "chip sealed."); *see generally* Compl. (explaining that the Road is largely chip sealed) (ECF No. 1); *id.* ¶ 49 (explaining "Kane County must soon improve the surface of the road by converting it from chip seal to pavement"); *see also S. Utah Wilderness All. v. Bureau of Land Mgmt* ("*SUWA v. BLM*"), 425 F.3d 735, 749 (10th Cir. 2005) (stating that "going from dirt to gravel, from gravel to chipseal, from chipseal to asphalt, etc." are "significant change[s] in the surface composition of the road" defined as "improvements." (emphasis added)).

[6] *See generally* Mem. Decision and Order Granting Mot. to Intervene As of Right ("Intervention Order") (ECF No. 52).

[7] Order Mem. Decision and Ordering Mem. 1-2, *as amended by* Order Regarding Supp. Mem.

[8] Intervention Order 11; *see generally Kane Cnty v. United States* ("*Kane Intervention 2019*"), 928 F.3d 877 (10th Cir. 2019); *Kane Cnty v. United States*, ("*Kane Intervention 2024*"), 94 F.4th 1017 (10th Cir. 2024).

rights-of-way "indisputably" constitutes a "legally protectable interest" for the purposes of standing.[9]

The Amended Partial Disclaimer does not change that. If anything, it strengthens SUWA's argument that its interests will be imminently injured due to Plaintiffs' claims and the United States' willingness to capitulate to Plaintiffs' claims. As SUWA explained in its Motion to Intervene, Plaintiffs' objective for obtaining an R.S. 2477 right-of-way for the Road is so Plaintiffs can "upgrade" the Road to better accommodate larger vehicles, as well as make other unspecified "reasonable and necessary" improvements, such as drainage and other "road features" in order to "ensure passage of vehicles."[10] Compared to the Original Partial Disclaimer, the Amended Partial Disclaimer broadens the scope of what the United States is willing to disclaim; not only meeting Plaintiffs' demands in their Complaint (*e.g.*, disclaiming a 66-foot right-of-way), but exceeding them by now stating that the Road surface is mostly "paved" even though there is no evidence that the <u>actual</u> scope of any right-of-way Plaintiffs' may be entitled to (*i.e.*, the state of the Road prior to October 21, 1976)[11] encompasses a 66-foot width and/or a paved travel surface.

---

[9] Intervention Order 11; *see also Kane Intervention 2024*, 94 F.4th at 1030; *Kane Intervention 2019*, 928 F.3d at 888; *San Juan Cnty.*, 503 F.3d at 1199.

[10] Mot. to Intervene 11 (ECF No. 30); Compl. ¶¶ 72, 81; *see also* Reply in Support of Mot. to Intervene ("MTI Reply") 11 (ECF No. 48).

[11] The scope of the right-of-way Plaintiffs may be entitled to is defined by and necessarily limited to the state of the Road as of October 21, 1976 because Plaintiffs are claiming a right-of-way under R.S. 2477, which was repealed by the Federal Land Policy and Management Act ("FLPMA") on October 21, 1976. *SUWA v. BLM*, 425 F.3d at 741 (explaining that FLPMA, and the repeal of R.S. 2477, "had the effect of 'freezing' R.S. 2477 rights as they were in 1976." (citing *Sierra Club v. Hodel*, 848 F.2d 1068, 1081 (10th Cir. 1988)).

The scope of an R.S. 2477 right-of-way establishes the parameters for determining whether a future road project constitutes "maintenance" or an "improvement" according to the definitions articulated in *SUWA v. BLM*.[12] Here, the Amended Partial Disclaimer's description of the Road as "paved" particularly harms SUWA's interest because it would give Plaintiffs the green light to complete the proposed paving project as "maintenance" rather than an "improvement" without the Court first determining whether the scope of the Road's R.S. 2477 right-of-way includes an already-paved (not merely chip sealed) surface, a width of 66-feet, or the traditional uses of the Road, among other details. If Plaintiffs' proposed paving project is maintenance, they would be allowed to complete the project with little to no consultation or oversight from the Bureau of Land Management[13] (and therefore no environmental analysis or opportunity for public involvement under the National Environmental Policy Act ("NEPA")[14]) even though the project is specifically designed to change the character of the Road so that it may accommodate more vehicles, larger vehicles, and faster travel speeds—changes the Tenth Circuit has recognized to be harmful to SUWA's interest.[15]

In short, assuming, *arguendo*, that the Amended Partial Disclaimer is viable under the QTA,[16] it is simply an alternative means to an end enabling Plaintiffs to fulfill their goals for the

---

[12] *Id.* at 749.

[13] *Id.* at 748-49.

[14] 42 U.S.C. §§ 4321 *et seq.*; *see also SUWA v. BLM*, 425 F.3d at 748 (explaining that consultation includes affording BLM the opportunity to "to study potential effects, and if appropriate, to formulate alternatives that serve to protect the lands"—*i.e.*, comply with NEPA).

[15] *Kane Intervention 2019*, 928 F.3d at 888 (holding that increased traffic "diminish[es] the enjoyment of the nearby natural wilderness," which injures SUWA's interest); *San Juan Cnty.*, 503 F.3d at 1200, 1201-02 (explaining that changes to the type and volume of traffic on a road resulting from an R.S. 2477 right-of-way will harm SUWA's interest).

[16] For the reasons explained in SUWA's Proposed Resp. to Pls.' Unopposed [sic] Mot. for Order to Confirm Amended Partial Disclaimer ("Confirmation Mot. Resp."), SUWA does not concede

Sand Dunes Road, which, if confirmed by the Court, will result in injury to SUWA's interest in protecting the surrounding lands, including the Moquith Mountain Wilderness Study Area. The Amended Partial Disclaimer strengthens SUWA's standing to intervene in this case.

## II.    SUWA Meets All Requirements for Intervention as of Right.

The Amended Partial Disclaimer affirms the applicability of the Tenth Circuit's clear precedent that SUWA has a right to intervene in R.S. 2477 litigation. Just like in *Kane Intervention 2024*, here "[n]o party disputes that SUWA's motion is timely. And…under governing law, SUWA has an interest that may as a practical matter be impaired or impeded."[17] Moreover, the Amended Partial Disclaimer makes it even more clear that the United States does not adequately represent SUWA's interest.

As SUWA explained in its Motion to Intervene, with respect to the adequate representation element, SUWA needs only to show that representation by the existing parties "may be inadequate"[18] In this case, SUWA has overcome this "minimal" burden because the United States' interests in the Road are "not identical" to SUWA's for both title and scope,[19] and the Amended Partial Disclaimer further emphasizes the vast distinctions between SUWA's and United States' positions in this case. Most obviously, it is the United States who submitted the Amended Partial Disclaimer in the first place—a filing that SUWA argues is impermissible

---

that the Amended Partial Disclaimer is valid under the QTA. Confirmation Mot. Resp. 5-7 (ECF No. 58-1).

[17] 94 F.4th at 1030 (citing *San Juan Cnty.*, 503 F.3d at 1190-1203; *Kane Intervention 2019*, 928 F.3d at 891-92; *WildEarth Guardians v. Nat'l Park Serv.*, 604 F.3d 1192, 1198 (10th Cir. 2010)); *see also* Argument § I, *supra* (explaining how this case and, more specifically, the Amended Partial Disclaimer, may impair SUWA's interest).

[18] Mot. to Intervene 6-7.

[19] *See id.* at 7-10.

under the QTA.[20] However, even if the concept of a partial disclaimer is generally permissible under the QTA, the Amended Partial Disclaimer specifically reflects an interest that SUWA certainly doesn't share, and that would harm SUWA's interests.[21] Simply put, the United States cannot adequately represent SUWA's interest when—at the same time—it is specifically proposing a course of action to resolve part of this case that will result in injury to SUWA's interest. And regardless, the Tenth Circuit has made it clear that the United States does not adequately represent SUWA's interest in R.S. 2477 litigation because the United States represents the "broad-ranging and competing interests" of the general public while "SUWA is focused on pursuing the narrowest scope."[22]

SUWA meets all requirements for intervention as of right under Federal Rule of Civil Procedure 24(a)(2) and the Amended Partial Disclaimer bolsters SUWA's Motion to Intervene.

<u>**CONCLUSION**</u>

In summary, the Amended Partial Disclaimer strengthens SUWA's standing and its right to intervene in this case. Specifically, the Amended Partial Disclaimer further highlights both how SUWA's interest may imminently be harmed by this litigation and why SUWA is not adequately represented by the United States. SUWA respectfully requests that the Court re-issue its decision granting SUWA intervention as of right.

Respectfully submitted April 2, 2026.

/s/ *Hanna Larsen*
Stephen H.M. Bloch, #7813
Hanna Larsen, #18458
SOUTHERN UTAH WILDERNESS ALLIANCE

---

[20] *See* Confirmation Mot. Resp. 5-7.
[21] *See* Argument § I, *supra*.
[22] *Kane Intervention 2019*, 928 F.3d at 895; *Kane Intervention 2024*, 94 F.4th at 1031-34.

7

Mitch M. Longson, #15661
MANNING CURTIS BRADSHAW
& BEDNAR PLLC

Trevor J. Lee, #16703
HOGGAN LEE HUTCHINSON

*Attorneys for Proposed Intervenor-Defendants*
*Southern Utah Wilderness Alliance*