Stephen H.M. Bloch (#7813)
Hanna Larsen (#18458)
SOUTHERN UTAH WILDERNESS
ALLIANCE
425 East 100 South
Salt Lake City, UT 84111
Telephone: (801) 486-3161
steve@suwa.org
hanna@suwa.org

*Attorneys for Proposed Defendant-Intervenor
Southern Utah Wilderness Alliance*

Mitch M. Longson (#15661)
MANNING CURTIS BRADSHAW
& BEDNAR PLLC
201 South Main Street, Suite 750
Salt Lake City, UT 84111
Telephone: (801) 363-5678
mlongson@mc2b.com

Trevor J. Lee (#16703)
HOGGAN LEE HUTCHINSON
257 East 200 South, #1050
Salt Lake City, UT 84111
Telephone: (435) 615-2264
trevor@hlh.law

IN THE UNITED STATES DISTRICT COURT, DISTRICT OF UTAH
CENTRAL DIVISION, SOUTHERN REGION

| | |
|---|---|
| **KANE COUNTY (5), UTAH**, a political subdivision, and the **STATE OF UTAH**, Plaintiffs, <br><br> v. <br><br> **UNITED STATES OF AMERICA**, Defendant, and <br><br> **SOUTHERN UTAH WILDERNESS ALLIANCE**, Proposed Intervenor-Defendant. | **RESPONSE TO THE PARTIES' SUPPLEMENTAL MEMORANDA ON THE IMPACT OF THE AMENDED PARTIAL DISCLAIMER** <br><br> Case No. 4:25-cv-00059-DN-PK <br><br> Judge David Nuffer <br> Magistrate Judge Paul Kohler |

In accordance with the Court's Orders issued on March 16 and 26, 2026,[1] Proposed Intervenor-Defendant Southern Utah Wilderness Alliance ("SUWA"), through counsel, respectfully submits this Response to Plaintiffs' and Defendant's Supplemental Memoranda on the Impact of the Amended Partial Disclaimer.

---

[1] *See generally* Order Mem. Decision and Ordering Mem. (ECF No. 53); Order Regarding Supp. Mem. (ECF No. 61); *see also* Amended Partial Quiet Title Act Disclaimer ("Amended Partial Disclaimer") (ECF No. 51).

## ARGUMENT

The Court directed the parties to address the following: (1) the differences between the scope of the right-of-way sought in the Complaint and the Amended Partial Disclaimer; (2) the impact of the Amended Partial Disclaimer on this case; and (3) the use of a partial disclaimer in a Quiet Title Act ("QTA") case.[2] As explained below, there are material and problematic differences between the Complaint's claimed right of way (along with the original Partial Disclaimer) and the Amended Partial Disclaimer; those differences have significant impact on this case; and no party has provided any authority (and SUWA is not aware of any authority) allowing the Court to confirm a *partial* disclaimer in a QTA case.

I.    **Nothing Prohibits SUWA From Raising Arguments Related to Both Title and Scope of the Road.**

Before addressing the questions raised by the Court, SUWA briefly responds to Plaintiffs' contention that SUWA cannot raise arguments relating to Plaintiffs' alleged title to the Sand Dunes Road (the "Road"). In their concluding paragraph, Plaintiffs assert that "SUWA's arguments and efforts in this matter seek to oppose Plaintiffs' title," and that "[b]inding Tenth Circuit law holds that SUWA cannot litigate title."[3] Both statements are inaccurate.

In *Kane Intervention 2019*, which Plaintiffs acknowledge as "[b]inding Tenth Circuit law," the Circuit held that SUWA was entitled to intervene regarding scope. But importantly, that decision addressed only SUWA's right to litigate scope (and not title) because scope was the only remaining issue to be decided on remand.[4] As for title, in other R.S. 2477 litigation, the

---

[2] Order Mem. Decision and Ordering Mem., 2 (ECF No. 52); Order Regarding Supp. Mem., 1-2 (ECF No. 61).

[3] Pls.' Supp. Memo., 7 (ECF No. 64) (citing *Kane Cnty. v. United States* ("*Kane Intervention 2019*"), 928 F.3d 877, 891 (10th Cir. 2019)).

[4] 928 F.3d at 885-86 (explaining that the case was remanded to the district court to determine the scope of the rights-of-way at issue, and SUWA moved to intervene to participate in the remand proceedings).

Tenth Circuit previously determined that "SUWA and the United States have identical interests in the title determination," and denied SUWA's intervention regarding title on the basis of adequate representation by the United States.[5] In this case, however, SUWA's and the United States' interests are <u>not</u> identical, resulting in a presumption of inadequate representation.[6] Moreover, even if they were identical, the United States does not adequately represent SUWA's interests, as perhaps best indicated by the fact that it now seeks to disclaim property in a way that will harm SUWA's interests. And failing all else, even if representation were adequate, "scope is inherent in the quiet title process," and SUWA's intervention as to scope would permit it to assert these arguments[7] Indeed, throughout this case, SUWA has made it clear that its interest is harmed by (1) the Plaintiffs' holding title to the Road in the first place and the scope of the right-of-way both claimed by the Plaintiffs in their Complaint and (2) based on the United States' willingness to disclaim in the Amended Partial Disclaimer.[8] As such, SUWA is not precluded from asserting arguments opposing Plaintiffs' title.

## II.     There are Significant and Problematic Differences Between the Right-of-Way Sought in the Complaint and the Amended Partial Disclaimer.

The United States' Amended Partial Disclaimer departs significantly from both the claims asserted in the Complaint in this case, and the United States's original Partial Disclaimer. As explained in more detail below, this is problematic because it would result in Plaintiffs obtaining more than they are seeking in this case, and more than they are entitled to under R.S. 2477.

---

[5] *Kane Cnty. v. United States* ("*Kane Intervention 2024*"), 94 F.4th 1017, 1034-35 (10th Cir. 2024) (quoting *Kane Intervention 2019*, 928 F.3d at 894).
[6] *See* Mot. to Intervene, 8-10 (ECF No. 30); Reply in Support of Mot. to Intervene, 7-9 (ECF No. 48); Corrected Supp. Mem. in Support of Mot. to Intervene, 6-7 (ECF No. 66-1).
[7] *Kane Intervention 2019*, 928 F.3d at 894.
[8] *See* Mot. to Intervene, 5-6, 10-11 (ECF No. 30); Reply in Support of Mot. to Intervene, 5-7, 10-11 (ECF No. 48); Corrected Supp. Mem. in Support of Mot. to Intervene, 3-6 (ECF No. 66-1).

The thrust of this case—at least originally—was that Plaintiffs needed to *improve* the Road, and specifically, improve its surface from chip seal to pavement. That is the entire reason the case was filed; if the Road were already paved, and to the width Plaintiffs would like, there would be no need for this lawsuit, because re-paving would constitute "maintenance" that Plaintiffs would already be entitled to do without seeking approval from the United States.

Plaintiffs know, however, that is *not* the case, so they filed this lawsuit. Consistent with that, the Complaint in this case is entirely about *improving* the Road, and specifically, the Road's travel surface:

- "[T]he road's surface must be <u>improved</u> to meet the needs of increasing travel" and "Plaintiffs must file suit to confirm their existing title to the Sand Dunes Road to be able to <u>improve the surface</u>." Compl. (Dkt. 1) ¶¶ 15-16 (emphasis added).
- "Kane County must soon <u>improve the surface of the road</u> by <u>converting it from chip seal to pavement</u> to safely handle increasing travel." *Id.* ¶ 49 (emphasis added).
- "Kane County intends to <u>upgrade the chip seal on the Sand Dunes Road to more durable pavement</u>." *Id.* ¶¶ 71-72 (emphasis added).
- "Plaintiffs <u>must promptly quiet title</u> to the R.S. 2477 right-of-way for the Sand Dunes Road to begin preparations for the project, including consulting with the United States regarding <u>the improvement</u>." *Id.* ¶ 74 (emphasis added).
- "Kane County road crews conducted routine maintenance on the Sand Dunes Road and, in the late 1960's, began to <u>chip seal</u> the road in sections. Kane County <u>ultimately chip sealed the entire length of the road</u>." *Id.* ¶ 113 (emphasis added).

The United States' original Partial Disclaimer tracks with this theory and scope, and with the confines of R.S. 2477. The United States refers to the Road as "[c]hip sealed," not paved.[9] Per R.S. 2477, it originally disclaimed only the portion of the Road "within the areas already disturbed as of October 21, 1976" (which is all Plaintiffs would be entitled to if they prevailed).[10]

---

[9] Original Partial Disclaimer, 2 (ECF No. 29).

[10] *Id.* at 1. An R.S. 2477 claimant may also be entitled to any "reasonable and necessary" extension of the 1976 disturbed area, but the United States does not contend in its Amended Partial Disclaimer that it removed the phrase "within the areas already disturbed as of October 21, 1976" because it now thinks there is additional reasonable and necessary scope.

And it did not state a total width for the right of way, nor did it include any citations or evidence for any scope of the right of way.

The Amended Partial Disclaimer changes course, and both alters and exceeds the relief requested in the Complaint. Whereas the parties previously agreed the road was "chip sealed,"[11] the Amended Partial Disclaimer reverses course, with no explanation, and now states: "This road is currently paved, except for a 4-mile section that is currently chip-sealed."[12] Whereas the United States originally (properly) limited any disclaimer to what Plaintiffs would actually be entitled to if they prevailed—a scope that was "within the areas already disturbed as of October 21, 1976"[13]— the Amended Partial Disclaimer removes that limitation. And while the United States's Original Partial Disclaimer limited the disclaimed scope to "a travel surface generally ranging between 24 to 26 feet with the widest portions of the travel surface at approximately 30 feet,"[14] it now purports to disclaim—with no explanation or evidence, save for references to unattached "aerial photographs taken in1974 and 2021"—"disturbances ranging between 47 and 66 feet (and in some instances extending beyond the claimed 66 foot right-of-way)"[15] (i.e. beyond what Plaintiffs are actually claiming in this case).

In short, the Amended Partial Disclaimer changes and exceeds the scope of what Plaintiffs are claiming in this case and what they would be entitled to even if they prevail:

---

[11] Complaint ¶¶ 49 (ECF No. 1) (seeking to "improve the surface of the road by converting it from chip seal to pavement"); 71–72 (seeking to "upgrade the chip seal . . . to more durable pavement"); Original Partial Disclaimer at 2 ("This road is chip sealed . . . .").

[12] Amended Partial Disclaimer, 2 (ECF No. 51).

[13] Original Partial Disclaimer, 1 (ECF No. 29).

[14] *Id.* at 2.

[15] Amended Partial Disclaimer, 2 ECF No. 51).

|  | Complaint | Original Partial Disclaimer | Amended Partial Disclaimer |
|---|---|---|---|
| **Travel Surface** | Chip seal | Chip seal | Mostly paved with 4 mile chip seal |
| **Travel Surface Width** | Not specified | 24-26 feet, widest portions at 30 feet | 24-26 feet, widest portions at 30 feet |
| **Total ROW Width** | 66 feet | Not specified | 66 feet but noting some exceedances based on aerial imagery |
| **Disclaimed Interest** | n/a | Two-lane highway and within the areas already disturbed as of Oct. 21, 1976, including the right to conduct routine maintenance | Two-lane highway that was established by Oct. 21, 1976, including the right to conduct routine maintenance |

As explained below, this departure from the Complaint and the Original Partial Disclaimer has significant impact on this case.

### III.    The Parties Understate the Amended Partial Disclaimer's Impact on this Case.

Plaintiffs and Defendant both attempt to frame the Amended Partial Disclaimer as dispositive in this case, apparently because they agree on its contents.[16] In doing so, they ignore both the legal issues associated with the Amended Partial Disclaimer and the real-world consequences of confirming such a disclaimer.

As a legal matter, the Amended Partial Disclaimer runs afoul of the QTA and R.S. 2477. The QTA is the "exclusive means by which adverse claimants [can] challenge the United States' title to real property" and thus the only mechanism for resolving claimed R.S. 2477 rights-of-

---

[16] Pls.' Supp. Memo., 5 (ECF No. 64); Def.'s Supp. Memo., 2 (ECF No. 63). Plaintiffs also assert that the Amended Partial Disclaimer may be used to dispose of this case because the Court has subject matter jurisdiction to adjudicate title to the Sand Dunes Road. Pls.' Supp. Memo., 4-5 (ECF No. 64). For the reasons set forth in its Proposed Motion to Dismiss (ECF No. 30-3), SUWA maintains this is not the case.

way.[17] While the QTA permits the United States to "disclaim[] all interest in the real property or interest therein <u>adverse</u> to the plaintiff,"[18] that authority is necessarily bounded by the scope of what a QTA plaintiff may legally claim.

The Federal Land Policy and Management Act ("FLPMA") repealed R.S. 2477 and "had the effect of 'freezing' R.S. 2477 rights as they were in 1976."[19]  Accordingly, a claimant's R.S. 2477 right-of-way is limited as a matter of law to the condition and scope of the claimed road as it existed on October 21, 1976. Any subsequent modifications, expansions, or other improvements to the road are outside the scope of a cognizable R.S. 2477 right-of-way. This temporal limitation on a claimant's rights necessarily limits what the United States may disclaim under 28 U.S.C. § 2409a(e). Specifically, the United States may disclaim only those interests that are "adverse to the plaintiff"—interests that a QTA plaintiff has a legally cognizable basis to contest.[20]

In this case, because Plaintiffs' rights under R.S. 2477 are limited to the 1976 state of the Road, any title of the United States to post-1976 improvements cannot, by definition, be "adverse to" Plaintiffs. Simply put, there is no adverse interest to disclaim where Plaintiffs do not have a cognizable claim to that interest in the first place. Accordingly, the QTA does not permit the United States to disclaim any interest in the Road beyond its condition as of October 21, 1976. Any broader disclaimer would exceed the boundaries of Plaintiffs' legally cognizable claimed R.S. 2477 right-of-way. But aside from one reference to aerial imagery, the Amended Partial Disclaimer does not provide any evidence that the 1976 state of the road included (1) a

---

[17] *Block v. N. Dakota*, 461 U.S. 273, 286 (1983); *see also Kane I*, 772 F.3d at 1210-12 (explaining how the QTA applies to R.S. 2477), overruled in part on other grounds by *Wilkins v. United States*, 598 U.S. 152 (2023).
[18] 28 U.S.C. 2409a(e) (emphasis added).
[19] *SUWA v. BLM*, 425 F.3d at 741.
[20] 28 U.S.C. § 2409a(e).

paved travel surface, (2) 24-26 foot travel surface, or (3) a 66-foot disturbed width.[21] As such, confirming the Amended Partial Disclaimer would result in Plaintiffs obtaining property rights to the Road that exceed what they could be entitled to under R.S. 2477 and what the United States is authorized to disclaim under the QTA.

And as a practical matter, if this Amended Disclaimer is confirmed, Plaintiffs will be able to treat the Road as a high-speed two-lane highway, including paving it without following the requisite consultation process, with little to no oversight from the Bureau of Land Management ("BLM") even though the Road is adjacent to sensitive wilderness-quality lands like the Moquith Mountain Wilderness Study Area.

Put simply, the Amended Disclaimer is contrary to law, and would result in significant changes to the Road that are not consistent with the QTA or R.S. 2477. The Court should not sanction this course of action.

## IV. The Parties Have Not Shown That a Partial Disclaimer is Permissible Under the QTA.

The Court also directed the parties to address whether a *partial* disclaimer may be used in a Quiet Title Act Case. The United States does not directly answer this question, instead arguing only that a disclaimer under the QTA does not "require[] confirmation to have legal effect," and that a disclaimer by the United States immediately ends any case of controversy.[22] Plaintiffs, for their part, do address the question, but cite no authority for their contention that the United States may issue a partial disclaimer, and instead argue in two sentences that the phrase "or interest therein adverse to the plaintiff" means "the United States may choose to disclaim something less than the entire interest in a complaint."[23]

---

[21] *See generally* Amended Partial Disclaimer (ECF No. 51).
[22] United States Response, 3–4 (ECF No. 63).
[23] Plaintiffs' Response Br., 7 (ECF No. 64).

Addressing first the United States' position that confirmation of a disclaimer is not required, that is simply incorrect. The United States does not cite any authority for this proposition. And the plain language of the statute—stating that a disclaimer must be "confirmed by order of the court"—makes clear that position is wrong. Similarly, the (concededly limited) case law addressing this situation makes clear that confirmation by the Court is, in fact required. For example:

- *Alaska v. United States*, 546 U.S. 413, 415 (2006) (demonstrating what is required to invoke disclaimer by stating "[i]n accordance with 28 U.S.C. § 2409a(e), the following [specific] disclaimer of the United States is confirmed" );

- *Kingman Reef Atoll Invs. v. United States*, 541 F.3d 1189, 1200 (9th Cir. 2008) (explaining that the QTA "established a formal method for the United States to disclaim any interest in property," including the step of judicial confirmation, and reiterating that "[a]s § 2409a(e) makes clear, Congress did not deem unofficial statements by government officials to be sufficient to eliminate the United States's claim of interest in property and to thus deprive the district court of jurisdiction under the QTA");

- *LaFargue v. United States*, 4. F. Supp. 2d 580, 590 (E.D. La. 1998) ("the [QTA] specifically requires the district court to confirm the United States' disclaimer of interest in the property.").

In short, the United States' position that a disclaimer is immediately effective without confirmation from the Court is contrary to existing case law and to the plain language of the statute.[24]

---

[24] The United States also suggests that, in effect, this is *not* a partial disclaimer because Plaintiffs have promised to dismiss their claims. United States Response, 3 (ECF No. 63). But that workaround does not cure the statutory requirement that a disclaimer "disclaim[] all interest" and end "the jurisdiction of the district court." 28 U.S.C. § 2409a(e).

As to Plaintiffs' position—that the "interest therein adverse to the Plaintiff" language in the QTA allows a partial disclaimer—that is similarly mistaken. No court, as far as SUWA can tell, has ever read that language to support a partial disclaimer. The reason is that interpretation would make no sense. Below is the full language of Section 2409a(e):

> If the United States disclaims all interest in the real property or interest therein adverse to the plaintiff at any time prior to the actual commencement of the trial, which disclaimer is confirmed by order of the court, the jurisdiction of the district court shall cease unless it has jurisdiction of the civil action or suit on ground other than and independent of the authority conferred by section 1346(f) of this title.

This language plainly requires that the United States disclaim *all interest* in the property. The "interest therein adverse to the plaintiff" provision simply refers to the situation where the United States is adverse to only a portion of the real property at issue in the case. It does not allow the United States to pick and choose portions of property for which it *is* adverse, and selectively give those portions away, especially, as here, where the purported disclaimer extends beyond the real property at issue in the case, and beyond the real property to which Plaintiffs would entitled if they prevail.

Finally, regardless of whether a partial disclaimer is appropriate, and as explained in more detail in SUWA's Amicus Memorandum[25] and its Proposed Motion to Dismiss,[26] the Tenth Circuit has already concluded that there is no federal jurisdiction to adjudicate this claim (which includes confirming a disclaimer), and nothing has changed in the interim to confer jurisdiction over this claim.

---

[25] ECF No. 58-1; *see also* ECF No. 62 (converting SUWA's Proposed Response to an Amicus Memorandum).
[26] ECF No. 30-3.

**CONCLUSION**

In sum, the United States's Amended Disclaimer is a significant departure from its Original Disclaimer and the Complaint in this case; that departure has a significant impact on this case by attempting to grant Plaintiffs more than what is sought in the Complaint and more than they would be entitled to even if they prevailed; and in any event, there is no support for a partial Quiet Title Act disclaimer (and that is in fact precluded by the Act's text), and regardless, the Court lacks jurisdiction to adjudicate the case or confirm any disclaimer (partial or full).

Respectfully submitted April 9, 2026.

/s/ *Trevor J. Lee*
Trevor J. Lee, #16703
HOGGAN LEE HUTCHINSON

Stephen H.M. Bloch, #7813
Hanna Larsen, #18458
SOUTHERN UTAH WILDERNESS ALLIANCE

Mitch M. Longson, #15661
MANNING CURTIS BRADSHAW
& BEDNAR PLLC

*Attorneys for Proposed Intervenor-Defendants*
*Southern Utah Wilderness Alliance*