Shawn T. Welch (#7113)
Richard D. Flint (#7525)
Sydney J. Sell (#17313)
B. Ryder Seamons (#19681)
HOLLAND & HART LLP
222 S. Main Street, Suite 2200
Salt Lake City, Utah 84101
Telephone: (801) 799-5800
stwelch@hollandhart.com
rdflint@hollandhart.com
sjsell@hollandhart.com
brseamons@hollandhart.com

Kathy A.F. Davis (#4022)
K. Tess Davis (#15831)
ASSISTANT ATTORNEYS GENERAL
Derek Brown (#10476)
UTAH ATTORNEY GENERAL
1594 W. North Temple, 3rd Floor
Salt Lake City, Utah 84116
Telephone: (801) 537-9801
kathydavis@agutah.gov
kaitlindavis@agutah.gov

*Attorneys for Plaintiff State of Utah*

Jeffrey Stott (#14344)
Kane County Attorney
76 N. Main Street
Kanab, Utah 84741
Telephone: (435) 644-5278
jstott@kane.utah.gov

*Attorneys for Plaintiff Kane County, Utah*

## IN THE UNITED STATES JUDICIAL DISTRICT COURT FOR THE DISTRICT OF UTAH, SOUTHERN REGION OF THE CENTRAL DIVISION

| | |
|---|---|
| KANE COUNTY, UTAH, a Utah political subdivision, and the STATE OF UTAH, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | **PLAINTIFFS' RESPONSE** <br><br> Case No. 4:25-cv-00059 DN-PK <br><br> District Judge David Nuffer <br> Magistrate Judge Paul Kohler |

Plaintiffs Kane County, Utah ("Kane County") and the State of Utah ("State") (collectively "Plaintiffs") hereby submit their Response to SUWA's [Corrected] Supplemental Memorandum in Support of SUWA's Motion to Intervene.[1]

### I.    SUWA's Supplemental Memorandum Is Improper And Should Be Stricken Or Disregarded.

The Court's order Withdrawing Memorandum Decision and Ordering Memoranda (ECF 53) directed "the parties to the case, Plaintiffs and Defendant," to file memoranda describing the impact of the Amended Partial QTA Disclaimer.[2] SUWA was ordered to "file a memorandum describing the impact of the Amended Partial Disclaimer on its motion to intervene."[3]

The Court modified the authorized filings as stated in its Order Regarding Supplemental Memoranda (ECF 61). The Court ordered "the parties to the case, Plaintiffs and Defendant," to file in response to two questions posed by the Court.[4] The Court then provided that on April 9, 2026, SUWA "may file a memorandum responding to the memoranda submitted" by the parties.[5] The Court then allowed that on "or before April 16, 2026, any party and SUWA may file a response."[6] Subsequently, the Court stated that SUWA's Proposed Response to Plaintiffs' Unopposed Motion For Order to Confirm Amended Partial Disclaimer should be treated as an Amicus Memorandum.[7]

---

[1] ECF 66-1. Page references will be to the header page number.

[2] ECF 53, at 2.

[3] *Id*.

[4] ECF 61, at 2.

[5] *Id*. at 3.

[6] *Id*.

[7] *See* Minute Order, ECF 62

SUWA's April 2, 2026 Supplemental Memorandum in Support of SUWA's Motion To Intervene[8] was neither authorized nor is it procedurally proper. Accordingly, SUWA's April 2, 2026 supplemental memorandum should be stricken or disregarded.

## II.    The Court Lacks Subject Matter Jurisdiction To Consider SUWA's Arguments About The Disclaimed Interest.

"SUWA is incorrect insofar as they contend that the Partial Amended Disclaimer requires confirmation to have legal effect."[9] "A disclaimer renounces any title interest by the United States to the property described therein, thus terminating any case or controversy with regard to the disclaimed interest."[10]

This Court's subject matter jurisdiction is strictly limited to adjudicating a "title to an estate or interest in real property in which an interest is claimed by the United States."[11] There is no longer a case or controversy involving the disclaimed interest, and Plaintiffs will withdraw their complaint to confirm that there is nothing left in dispute.

Accordingly, the Court should enter its order confirming the disclaimer and allow the United States to benefit from the disclaimer option that Congress built into the Quiet Title Act.[12]

## III.    SUWA's Misstatements Of Fact And Law.

SUWA contends that this case must continue because if the disclaimer is confirmed, it "will result in injury to SUWA's interest in protecting the surrounding lands, including the

---

[8] ECF 66-1.

[9] Defendant's Memorandum Regarding the Impact of the Amended Partial QTA Disclaimer, ECF 63, at 3-4.

[10] *Id*. at 4.

[11] 28 U.S.C. § 1346(f).

[12] 28 U.S.C. § 2409a(e).

Moquith Mountain Wilderness Study Area."[13] Right now, the Sand Dunes Road is mostly paved and has long been paved where it passes the western edge of the Moquith Mountain Wilderness Study Area.[14] Kane County has and will continue to maintain and manage the Sand Dunes Road near the Moquith Mountain Wilderness Study Area as a paved road within its 66-foot right-of-way. This lawsuit has not, and will not, change that fact. Thus, SUWA's purported injury is speculative, at best. Unfortunately, "speculation does not suffice" to have standing to continue a suit.[15]

SUWA misstates the law when it claims that the "scope of the right-of-way Plaintiffs may be entitled to is defined by and necessarily limited to the state of the Road as of October 21, 1976."[16] The "repeal of R.S. 2477, had the effect of freezing R.S. rights-of-way as they were in 1976."[17]

Case law soundbites do not supplant legal principles and holdings. The repeal of R.S. 2477 "did not mean, however, that the road had to be maintained in precisely the same condition it was in on October 21, 1976."[18] Rather, any R.S. 2477 road "could be improved as necessary to meet the exigencies of increased travel, so long as this was done in the light of traditional uses to which the right-of-way was put as of repeal of the statute in 1976."[19] Settled law confirms that an R.S. 2477 right-of-way can be modified to meet the exigencies of increasing travel.

---

[13] ECF 66-1, at 7.

[14] Declaration of Bert Harris, ECF 47-2, at 5.

[15] *Summers v. Earth Island Inst.*, 555 U.S. 488, 499 (2009).

[16] ECF 66-1, at 5, n.11.

[17] *Id.* (quotation marks and citation omitted).

[18] *S. Utah Wilderness All. v. BLM*, 425 F.3d 735, 746 (10th Cir. 2005).

[19] *Id.* (internal quotation marks omitted).

While the point to be made is unclear, SUWA repeatedly states that the Sand Dunes Road is chip sealed, not paved.[20] At the Sand Dunes Road trial in 2011, Kane County's former road supervisor Vane Campbell testified that "Kane County oiled (*i.e.*, paved) the surface of the Sand Dunes road after he began working for Kane County in 1967."[21] The Sand Dunes Road was classified "as a paved road."[22] The fact witnesses and the district court repeatedly referred to the Sand Dunes Road as a paved road.

> 21. The pavement on the Sand Dunes road is generally 24 to 26 feet in width. Trial Tr., at 1152 (L. Pratt). With this type of a paved road, Kane County attempts to keep the pavement at 24 feet in width. *Id.* at 1166; Pl. Ex. 281. At some locations, however, the paved surface is approximately 30 feet. Trial Tr., at 1219. Its estimated total disturbed area width is 60 feet, except for its north end. *Id.*; *see also* Ex. 224-A.

> 22. During the court's site visit, the Sand Dunes road appeared to be a general paved road and it was apparent that vegetation had been cleared away from the sides of the road.[23]

Through a full trial on the merits, Plaintiffs proved their title to a 66-foot right-of-way for the paved or chip sealed Sand Dunes Road by clear and convincing evidence. Accordingly, the Amended Partial Disclaimer should be confirmed by the Court so that Plaintiffs can withdraw their complaint and the parties can move on.

---

[20] ECF 66-1, at 2, 4, 5.

[21] *Kane County, Utah (1) v. United States*, No. 2:08-cv-0315 CW, 2013 U.S. Dist. LEXIS 40118, *16 (D. Utah Mar. 20, 2013), rev'd on other grounds 772 F.3d 1205 (10th Cir. 2014).

[22] *Id.*

[23] *Id.* at 18 (footnote omitted).

Respectfully submitted this 9th day of April, 2026.

HOLLAND & HART LLP

/s/ Shawn T. Welch
Shawn T. Welch
Richard D. Flint
Sydney J. Sell
Ryder Seamons
Attorneys for Plaintiff Kane County, Utah

UTAH ATTORNEY GENERAL'S OFFICE

/s/ K. Tess Davis*
Kathy A.F. Davis
K. Tess Davis
Assistant Attorneys General
Attorneys for Plaintiff State of Utah

* Signed with permission given to filing counsel

37568062_v1

6