ADAM R. F. GUSTAFSON, Principal Deputy Assistant Attorney General
JOSEPH H. KIM, Trial Attorney
Natural Resources Section
Environment & Natural Resources Division
United States Department of Justice
P.O. Box 7611
Washington, D.C. 20044-7611
(202) 305-0207

Attorneys for Defendant United States of America

---

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

---

| | |
|---|---|
| KANE COUNTY, UTAH (5), a Utah political subdivision; and STATE OF UTAH, <br><br>     Plaintiffs, <br> v. <br><br> UNITED STATES OF AMERICA, <br><br>     Defendant, <br><br> and <br><br> SOUTHERN UTAH WILDERNESS ALLIANCE, <br><br>     Proposed Intervenor-Defendant. | **DEFENDANT'S REPLY MEMORANDUM** <br><br> Case No. 4:25-cv-00059-DN-PK <br><br> Judge David Nuffer <br> Magistrate Judge Paul Kohler |

---

Pursuant to the Court's Order dated March 26, 2026 [Dkt. No. 61], the United States submits this reply memorandum for the limited purpose of responding to certain statements made by the Proposed Intervenor-Defendant ("SUWA") in its response memorandum [Dkt. No. 67].

Contrary to SUWA's contention, *see* Dkt. No. 67 at 9, nothing in Section 2409a(e) suggests that a disclaimer must be confirmed before it can have the effect of renouncing the United States' claim to a disputed interest in title. It is true that Section 2409a(e) requires confirmation of a disclaimer as a condition precedent to terminating the Court's jurisdiction over

QTA litigation, but that requirement is inapplicable here because the Parties do not contend that this Court's jurisdiction will cease by operation of Section 2409a(e).

SUWA's reliance on *Kingman Reef Atoll Invs., L.L.C. v. United States*, 541 F.3d 1189 (9th Cir. 2008), for the proposition that a disclaimer has no effect absent a court's confirmation, is entirely misplaced. *See* Dkt. No. 67 at 9. The court in that case explained that Congress, in Section 2409a(e), "established a formal method for the United States to disclaim any interest in property, specifically by filing such a disclaimer with the court." Dkt. No. 67 at 9 (quoting *Kingman Reef Atoll*, 541 F.3d at 1200). As SUWA notes, the court then held that "Congress did not deem unofficial statements by government officials to be sufficient to eliminate the United States's claim of interest in property and to thus deprive the district court of jurisdiction under the QTA." *Id.* But the "unofficial statements" deemed inadequate in *Kingman Reef Atoll* were informal "actions and communications by government employees evidencing their belief that [an entity other than the United States] owned Kingman Reef." 541 F.3d at 1200. Unlike in *Kingman Reef Atoll*, the United States here filed a disclaimer in federal court after obtaining appropriate internal approvals. In this manner, the United States "clearly and unequivocally abandon[ed] its interest" using "documentation from a government official with authority to make such decisions on behalf of the United States." *Id*. at 1201.

The other two cases SUWA cites also provide no support for SUWA's argument. *See* Dkt. No. 67 at 9. The Court in *Alaska v. United States* indicated that it was acting "in accordance" with 28 U.S.C. § 2409a(e) when it confirmed the disclaimer at issue in that case en route to dismissing "count III" for lack of jurisdiction. 546 U.S. 413, 415 (2006). And *LaFargue v. United States* merely stands for the proposition that a court may refuse to confirm a disclaimer—and thus refuse to dismiss on that basis—if the United States' disclaimer was made

2

in bad faith to prejudice a Quiet Title Act plaintiff.  4 F. Supp. 2d 580, 590 (E.D. La.

1998).  Nothing in either opinion suggests that confirmation is required when the parties do not

seek dismissal for lack of jurisdiction, or that confirmation is required for a partial disclaimer to

have legal effect.

RESPECTFULLY SUBMITTED this 16th day of April, 2026.

ADAM R. F. GUSTAFSON
Principal Deputy Assistant Attorney General

*/s/ Joseph H. Kim*
JOSEPH H. KIM, Trial Attorney
Natural Resources Section
Environment & Natural Resources Division
United States Department of Justice
P.O. Box 7611
Washington, D.C. 20044-7611
Telephone: (202) 305-0207

*Attorneys for the United States*