Stephen H.M. Bloch #7813
Hanna Larsen #18458
**SOUTHERN UTAH WILDERNESS**
**ALLIANCE**
425 East 100 South
Salt Lake City, UT 84111
Telephone: (801) 486-3161
steve@suwa.org
hanna@suwa.org

Mitch M. Longson #15661
**MANNING CURTIS BRADSHAW**
**& BEDNAR PLLC**
201 South Main Street, Suite 750
Salt Lake City, UT 84111
Telephone: (801) 363-5678
mlongson@mc2b.com


Trevor J. Lee #16703
**HOGGAN LEE HUTCHINSON**
257 East 200 South, #1050
Salt Lake City, UT 84111
Telephone: (435) 615-2264
trevor@hlh.com

*Attorneys for Proposed Intervenor-Defendant Southern*
*Utah Wilderness Alliance*

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| KANE COUNTY (5), UTAH, a political subdivision, and the STATE OF UTAH,<br>　　　Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>　　　Defendant, and<br><br>SOUTHERN UTAH WILDERNESS ALLIANCE,<br>　　　Proposed Intervenor-Defendant. | **REPLY TO PLAINTIFFS'**<br>**MEMORANDA ON THE IMPACT OF**<br>**THE AMENDED PARTIAL**<br>**DISCLAIMER**<br><br>Case Nos. 4:25-cv-00059-DN-PK<br><br>Judge David Nuffer<br><br>Magistrate Judge Paul Kohler |

In accordance with the Court's Orders issued on March 16 and 26, 2026,[1] Proposed

Intervenor-Defendant Southern Utah Wilderness Alliance ("SUWA"), through counsel,

---

[1] *See generally* Order Mem. Decision and Ordering Mem. (ECF No. 53); Order Regarding Supp. Mem. (ECF No. 61); *see also* Amended Partial Quiet Title Act Disclaimer ("Amended Partial Disclaimer") (ECF No. 51).

respectfully submits this Reply to Plaintiffs' Response to SUWA's Supplemental Memoranda on the Impact of the Amended Partial Disclaimer to SUWA's Motion to Intervene.

## ARGUMENT

The Court's March 26, 2026, Order Regarding Supplemental Memoranda ("Supplemental Memoranda Order") directed that, "[o]n or before April 16, 2026," "any party and SUWA may file a response to a memorandum previously filed under this order."[2] The United States did not file any memoranda responsive to SUWA's Supplemental Memorandum.[3] Thus, this Reply is only responsive to "Plaintiffs' Response" filed on April 9, 2026, in which Plaintiffs present three principal arguments: (1) that SUWA's "Supplemental Memorandum is improper and should be stricken or disregarded"; (2) this Court "lacks subject matter jurisdiction to consider SUWA's arguments about the disclaimed interest"; and (3) that SUWA has "misstated" facts and law regarding the nature of the Sand Dunes Road ("Road") and Plaintiffs' alleged rights to maintain or improve the Road.[4] SUWA responds to each of these arguments below.

### I. SUWA Filed the Supplemental Memorandum Consistent with the Court's Orders.

Plaintiffs contend that SUWA's April 2, 2026, Supplemental Memorandum[5] "was neither authorized nor … procedurally proper."[6] In making this argument, Plaintiffs misconstrue the

---

[2] ECF No. 61 at 3.

[3] The United States' non-response is itself notable given that SUWA argued in the Supplemental Memorandum that the United States "cannot adequately represent SUWA's interest" in this case when it is "specifically proposing a course of action to resolve part of the case that will result in injury to SUWA's interest." ECF No. 65 at 7. The United States apparently does not dispute this contention.

[4] ECF No. 68.

[5] ECF No. 66.

[6] ECF No. 68 at 2–3.

Court's Order Regarding Supplemental Memoranda[7] as "modif[ying] the authorized filings" ordered in the Court's March 26, 2026, Order Withdrawing Memorandum Decision and Ordering Memoranda ("Withdrawal Order"). The Withdrawal Order stated that "on or before April 2, 2026, [SUWA] shall file a memorandum describing the impact of the Amended Partial QTA Disclaimer on its motion to intervene."[8] The Court's subsequent Supplemental Memoranda Order states in its first paragraph that it "directs that **additional topics be discussed in memoranda already scheduled to be submitted**."[9] Thus, the Supplemental Memoranda Order did not "modify" or somehow revoke the Withdrawal Order's direction that SUWA file a Supplemental Memorandum on April 2, as Plaintiffs contend. SUWA's Supplemental Memorandum was both explicitly authorized and procedurally proper. The Court should disregard these arguments by Plaintiffs.

## II.    The Court Has Subject-Matter Jurisdiction to Address the Amended Partial Disclaimer.

Citing primarily argument in prior briefing by the parties rather than actual legal authority, Plaintiffs next contend that the Court lacks subject-matter jurisdiction to "[c]onsider SUWA's [a]rguments [a]bout [t]he Disclaimed Interest."[10] To be clear, no cited law supports this assertion, and Plaintiffs' reliance on the United States' arguments does not aid them. The United States makes clear in its Memorandum that there remains an active controversy in the case, even after the Amended Partial Disclaimer: "the effect of the Amended Partial Disclaimer is to narrow the scope of the case or controversy before this Court."[11] "[T]hose aspects of Plaintiffs' alleged

---

[7] ECF No. 61.
[8] ECF No. 53 at 2.
[9] ECF No. 61 at 1 (emphasis added).
[10] ECF No. 68 at 3 (quoting Defendant's Memorandum Regarding the Impact of the Amended Partial QTA Disclaimer, ECF 63, at 3–4).
[11] ECF No. 63 at 2.

right-of-way that have not already been disclaimed *remain pending for adjudication before this Court*."[12] Plaintiffs disregard this reality and apparently hope the Court will similarly disregard that issues of scope remain in dispute and unadjudicated.

Moreover, Plaintiffs confusingly now appear to contend that confirmation of the Amended Partial Disclaimer is not required, despite themselves filing for an "Order to Confirm Amended Partial Quiet Title Act Disclaimer."[13] Plaintiffs sought such an order presumably based on the Quiet Title Act's plain language requiring that a disclaimer be "confirmed by order of the court."[14] Plaintiffs' "Unopposed Motion for Order to Confirm Amended Partial Quiet Title Act Disclaimer" remains pending and opposed by SUWA, a proposed intervenor. Plaintiffs cannot seek to invoke the Court's jurisdiction for relief under the Quiet Title Act only to now contend the Court has no such jurisdiction because no such confirmation is "require[d]."[15] Confirmation is required under the Quiet Title Act's plain language, and for the reasons set forth in SUWA's [Proposed] Response to Plaintiffs' Unopposed Motion for Order to Confirm Amended Partial Disclaimer,[16] such confirmation would be inconsistent with the Quiet Title Act, but in any event it should not occur unless and until SUWA's Motion to Intervene, and subsequently its proposed Motion to Dismiss, is decided.

Finally, Plaintiffs state that they "will withdraw their complaint to confirm that there is nothing left in dispute,"[17] but then immediately follow that statement with a request that Court

---

[12] *Id.* (emphasis added).
[13] ECF Nos. 56, 56-1.
[14] *Id.*; 28 U.S.C. § 2409a(e).
[15] ECF No. 68 at 3.
[16] ECF No. 58-1.
[17] ECF No. 68 at 3.

"enter its order confirming the disclaimer ...."[18] Stated differently, Plaintiffs know this Court must confirm the Amended Partial Disclaimer prior to dismissal, and contend the Court has subject-matter jurisdiction to do so, but simultaneously contend the Court *lacks* subject-matter jurisdiction to "consider SUWA's arguments" against confirmation. Plaintiffs can't have it both ways: either confirmation is required under the Quiet Title Act and the Court must first adjudicate SUWA's involvement as an intervenor (and consider its arguments), or Plaintiffs can dismiss their case now without any confirmation, at which point SUWA concedes the Court would no longer have jurisdiction over the case.

For all of the reasons SUWA has presented to the Court in its previous filings, SUWA's Motion to Intervene should be decided now, after which SUWA's Motion to Dismiss should be briefed and decided.

### III.  Plaintiffs Cannot Erase SUWA's Intervention Rights by Recasting Their Own Allegations.

Plaintiffs' final argument is the first to actually address the merits of SUWA's arguments. Plaintiffs argue that SUWA has made "misstatements" of fact because SUWA's interests, including in protecting the Moquith Mountain Wilderness Study Area abutting the Road, cannot be harmed given that the Road is already "mostly paved and has long been paved."[19] Plaintiffs contend that this lawsuit "has not, and will not, change that fact."[20] This begs the question what the lawsuit was for in the first place. If Plaintiffs were correct that this lawsuit "has not, and will not, change" anything, then there would have been no need to file a lawsuit,

---

[18] *Id.* Plaintiffs repeat that this sequencing is necessary later in their Response, stating that "the Amended Partial Disclaimer should be confirmed by the Court so that Plaintiffs can withdraw their complaint and the parties can move on." *Id.* at 5.
[19] *Id.* at 4.
[20] *Id.*

no need to seek a disclaimer and confirmation of the same (which Plaintiffs still seek), and no impact whatsoever from any such disclaimer and confirmation.[21] As explained in detail in SUWA's Response to the Parties' Supplemental Memoranda on the Impact of the Amended Partial Disclaimer, Plaintiffs' own pleadings repeatedly and consistently seek "*improvement*" of the Road by "converting" and "upgrad[ing]" it from "chip seal to pavement."[22] Their attempt to revise their own pleadings, and indeed recast the fundamental purpose of this lawsuit, is nothing more than a blatant attempt to undercut SUWA's intervention rights. Plaintiffs are stuck with the facts and claims they have pled, which accurately state that Plaintiffs seek to "upgrade" and "improve" the Road from chip-seal to pavement. Under Plaintiffs' own allegations, there is nothing "speculative" about SUWA's interest being harmed by the relief Plaintiffs seek.

Plaintiffs also argue that SUWA "misstates the law" by claiming that the "scope of the right-of-way Plaintiffs may be entitled to is defined by and necessarily limited to the state of the Road as of October 21, 1976."[23] Here, again, Plaintiffs engage in semantics that contravene their own pleadings. Plaintiffs quote trial testimony related to the Road to argue that Plaintiffs allegedly proved the Road to be "a paved road,"[24] and contend, therefore, that they have already proven they are entitled to the relief they seek in this lawsuit.[25] Again, were this true, this lawsuit—and Plaintiffs' alleged need to "improve the road surface" from chip seal to pavement[26]—would be unnecessary given rights Plaintiffs allegedly already had. But Plaintiffs

---

[21] *See* ECF No. 67 at 3 ("That is the entire reason the case was filed; if the Road were already paved, and to the width Plaintiffs would like, there would be no need for this lawsuit, because re-paving would constitute 'maintenance' that Plaintiffs would already be entitled to do without seeking approval from the United States.").

[22] *Id.* (quoting, *inter alia*, ECF No. 1 at ¶¶ 15–16) (emphasis added).

[23] ECF No. 68 at 4 (quoting ECF 66-1 at 5, n.11).

[24] *Id.* at 5.

[25] *Id.*

[26] ECF No. 1 at ¶¶ 49, 71–72).

do not have those rights, knew they did not have those rights when they filed this lawsuit, and *still* seek a confirmation order from this Court allowing Plaintiffs the right to improve the Road's surface. SUWA's interests will be harmed if Plaintiffs are permitted to do so, and SUWA therefore has a right to have its interests heard before the Court considers any confirmation motion or further request from Plaintiffs.

## CONCLUSION

For the foregoing reasons, Plaintiffs' attempts to have this Court disregard SUWA's intervention rights, its interests, and its arguments, are all unavailing. If this Court has jurisdiction to confirm the Amended Partial Disclaimer, then it has jurisdiction to first rule on SUWA's Motion to Intervene and hear SUWA's arguments. The Court should grant SUWA's Motion to Intervene as of right and its Motion to Dismiss should be fully briefed and decided before any further proceedings.

DATED April 16, 2026.

/s/ Mitch M. Longson
Mitch M. Longson
**MANNING CURTIS BRADSHAW
& BEDNAR PLLC**

Stephen H.M. Bloch
Hanna Larsen
**SOUTHERN UTAH WILDERNESS
ALLIANCE**

Trevor J. Lee
**HOGGAN LEE HUTCHINSON**

*Attorneys for Intervenor-Defendants
Southern Utah Wilderness Alliance, et al*

8

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 16, 2026, the undersigned electronically transmitted the foregoing to the Clerk's Office for the United States District Court for the District of Utah using the District Court's CM/ECF System, which shall electronically serve a copy of the foregoing upon counsel of record for all parties in the above-entitled matter.

<u>/s/ Lori Anderson</u>

8