THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| KANE COUNTY, UTAH, a Utah political subdivision, and the STATE OF UTAH,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION TO CONFIRM AMENDED PARTIAL QUIET TITLE ACT DISCLAIMER**<br><br>Case No. 4:25-cv-00059 DN-PK<br><br>District Judge David Nuffer |

Plaintiffs Kane County and the State of Utah (collectively "Kane County") seek a decree under the Quiet Title Act[1] ("QTA") "quieting title in and to the R.S. 2477 public highway right-of-way for the Sand Dunes Road."[2] Kane County alleges that title to the Sand Dunes Road was established in previous litigation.[3] Kane County's complaint states:

> The right-of-way for the Sand Dunes Road claimed herein includes a width of 66 feet (33 feet from the centerline descriptions provided herein) and that which is reasonable and necessary to ensure passage of vehicles on this high-speed two lane road, clear zones to protect sight distances, and such other drainage and road features as are reasonable and necessary.[4]

The United States did not file an answer but filed a Partial Quiet Title Act Disclaimer ("Parital Disclaimer") under 28 U.S.C. § 2409a(e).[5] The Partial Disclaimer was recently

---

[1] 28 U.S.C. § 2409a.

[2] Complaint ¶¶ 1, 49, docket no. 1, filed May 6, 2025.

[3] *Id*. ¶ 12 (citing *Kane County, Utah (1) v. United States*, No. 2:08-cv-0315, 2013 WL 1180764, *5-6, *63-64 (D. Utah Mar. 20, 2013)).

[4] Complaint ¶ 81.

[5] Partial Quiet Title Act Disclaimer at 1 ("Partial Disclaimer"), docket no. 29, filed December 19, 2025 (*citing* 28 U.S.C. § 2409a(e)).

amended ("Amended Partial Disclaimer") to clarify the disclaimer.[6] The Amended Partial Disclaimer states that "the United States disclaims any title interest in the Sand Dunes Road that is consistent with a two-lane highway that was established by October 21, 1976, including the right to conduct routine maintenance."[7] The disclaimer is similar to the description of the right of way sought in the Complaint but does not include a uniform 66 foot width. The United States confirms this document was filed "after obtaining appropriate internal approvals."[8]

The United States clarifies the reason the Complaint's precise 66-foot width claim is not disclaimed. "[T]he Amended Partial Disclaimer effectively adopts the same centerline [as the Complaint] but determines width based on actual surface disturbance in 1976."[9]

The document then describes the sections of land which the road crosses.[10]

**Centerline:** Then, to be more specific, the Amended Partial Disclaimer adopts the road centerline description used in Plaintiffs' 39-page exhibit to their Complaint: "The centerline of this road is identified with reasonable accuracy in Exhibit 2 of Plaintiffs' Complaint (Dkt. No. 1-2)."[11] That exhibit contains an overall map, photographs, and many pages of the surveyed legal description of the road centerline. The Amended Partial Disclaimer leaves no doubt as to the parties' agreement on the road location.

**Travel Surface Improvements:** Finally, the Amended Partial Disclaimer describes the condition and position of road improvements.

---

[6] Amended Partial Quiet Title Act Disclaimer ("Amended Partial Disclaimer"), docket no. 51, filed March 13, 2026.

[7] *Id.* at 1.

[8] Defendant's [United States'] Reply Memorandum ("U.S. April 16 Memo"), docket no. 69, filed April 16, 2026.

[9] United States Memorandum Regarding the Impact of the Amended Partial QTA Disclaimer ("U.S. April 2 Memo") at 2, docket no. 63, filed April 2, 2026.

[10] Amended Partial Disclaimer at 1-2.

[11] *Id.* at 2.

> This road is currently paved, except for a 4-mile section that is currently chip-sealed. The chip-sealed section is located near the Coral Pink Sand Dunes State Park. The road has a travel surface generally ranging between 24 to 26 feet with the widest portions of the travel surface at approximately 30 feet. This road includes culverts, other drainage features extending beyond the travel surface, and the clearing of vegetation also extending beyond the travel surface, with such disturbances generally ranging between 47 and 66 feet (and in some instances extending beyond the claimed 66 foot right-of way).[12]

This detailed summary of current improvements does not appear in the Complaint.

**Disturbance Area:** A footnote clarifies the width of the right of way outside the travel surface which is disclaimed for disturbance (by maintenance and auxiliary structures such as drainage and culverts): "Based on an analysis of aerial photographs taken in 1974 and 2021, using measurements taken approximately every quarter mile, the average width of total disturbance was 72 feet and 67 feet, respectively, with at least three-fourths of the observed measurements at or exceeding 47 feet."[13]

Finally, the Amended Partial Disclaimer stated that "Further proceedings may be necessary to the extent that Plaintiffs assert a claim that exceeds the scope disclaimed herein."[14]

Plaintiffs have now jointly filed an Unopposed [sic] Motion to Confirm the Amended Partial Quiet Title Act Disclaimer ("Motion").[15] Plaintiffs' Motion makes clear that any discrepancy between (a) the relief sought in their Complaint and (b) the description of the right of way in the Amended Partial Disclaimer will be resolved by Plaintiffs' dismissal of their claims. "Plaintiffs intend to dismiss their QTA claim in light of the Amended Partial Disclaimer, notwithstanding any inconsistency between the Amended Partial Disclaimer and the alleged right

---

[12] *Id.* at 2.

[13] *Id.* at n.1.

[14] *Id.*

[15] Unopposed [sic] Motion to Confirm Amended Partial Quiet Title Act Disclaimer ("Motion"), docket no. 56, filed March 23, 2026.

of way as described in the Complaint."[16] In addition, the Motion states that the Plaintiffs are

"authorized to represent to the Court that the United States does not oppose this motion."[17] The

United States has agreed to this procedure.[18]

The Amended Partial Disclaimer radically changed the posture of the lawsuit. It is more

specific than the original Partial Disclaimer and adopts the description of the right of way in

Plaintiffs' Complaint. In light of the Amended Partial Disclaimer and Motion, the parties were

ordered to provide supplemental memoranda[19] which were timely submitted and considered.[20]

The United States acknowledged that the Amended Partial Disclaimer "results in a scope

including a width of 66 feet in some areas, but there are other areas where the scope has a

narrower width"[21] and therefore jurisdiction is retained only over those areas that remain in

controversy.[22] Where the Amended Partial Disclaimer does not precisely match the Complaint,

jurisdiction is not abrogated, but the United States says further litigation is unnecessary because

Kane County will voluntarily dismiss its complaint upon confirmation of the Amended Partial

---

[16] *Id.* at 2.

[17] *Id.*

[18]

[19] *Id.*; Order Regarding Supplemental Memoranda, docket no. 61, filed March 26, 2026.

[20] U.S. April 2 Memo at 2; Kane County's Memorandum in Response to Orders ("Kane County's April 2 Memo"), docket no. 64, filed April 2, 2026; SUWA's [Corrected] Supplemental Memorandum in Support of SUWA's Motion to Intervene ("SUWA's April 2 Memo"), docket no. 66-1, filed April 2, 2026; Motion for Leave to File a Response to Plaintiffs' "Unopposed" Motion for Order to Confirm Amended Partial Quiet Title Act Disclaimer, docket no. 58, filed March 26, 2026 including as Exhibit 1 [docket no. 58-1] a proposed SUWA's Proposed Response to [56] Plaintiffs' Unopposed Motion for Order to Confirm Amended Partial Disclaimer which by docket text order (docket no. 62, filed March 29, 2026) was filed as an amicus memorandum; SUWA Response to the Parties' Supplemental Memoranda on the Impact of the Amended Partial Disclaimer (SUWA's April 9 Memo"), docket no. 67, filed April 9, 2026; Plaintiffs' Response [re SUWA's April 2 Memo] ("Plaintiffs' April 9 Memo"), docket no. 68, filed April 9, 2026; U.S. April 16 Memo; [SUWA's] Reply to Plaintiffs' Memoranda on the Impact of the Amended Partial Disclaimer ("SUWA's April 16 Memo"), docket no. 70, filed April 16, 2026; Plaintiffs' Reply, docket no. 71, filed April 16, 2026.

[21] U.S. April 2 Memo at 2.

[22] *Id.* at 3.

Disclaimer.[23] Kane County agrees with the United States regarding possible retained jurisdiction and the effect of Kane County's forthcoming voluntary dismissal which will end the case.[24] SUWA insists its intervention motion must be considered before confirmation and dismissal of the case.[25] : The Court should grant SUWA's Motion to Intervene as of right and its Motion to Dismiss should be fully briefed and decided before any further proceedings."[26]

# 1   DISCUSSION

The issues presented are:

- Does a disclaimer made under 28 U.S.C. § 2409a(e) that is inconsistent with the right of way sought in a §2409a quiet title action result in loss of partial jurisdiction that becomes complete if a plaintiff dismisses its complaint?
- Is a proposed intervenor entitled to object to the case parties' agreement to resolve a § 2409 Quiet Title action?

## 1.1   A partial disclaimer that may be inconsistent with the complaint in a §2409a quiet title action results in complete loss of jurisdiction if a plaintiff then dismisses the complaint.

"Congress has provided a formal mechanism whereby the United States during the course of QTA litigation, but 'prior to the actual commencement of the trial,' may 'disclaim[ ] all interest in the real property or interest therein adverse to the plaintiff' and secure an order from the court confirming the disclaimer."[27] The text of 28 U.S.C.A. § 2409a(e) states:

> If the United States disclaims all interest in the real property or interest therein adverse to the plaintiff at any time prior to the actual commencement of the trial, which disclaimer is confirmed by order of the court, the jurisdiction of the district

---

[23] *Id.*

[24] Kane County's April 2 Memo at 5.

[25] SUWA's April 2 Memo. This memorandum removes "a comment containing confidential attorney work product . . . inadvertently left in" Supplemental Memorandum in Support of SUWA's Motion to Intervene, docket no. 65, filed April 2, 2026); SUWA's April 2 Memo at 2.

[26] SUWA's April 16 Memo at 7.

[27] *Rio Grande Silvery Minnow (Hybognathus amarus) v. Bureau of Reclamation*, 599 F.3d 1165, 1185 (10th Cir. 2010).

> court shall cease unless it has jurisdiction of the civil action or suit on ground other than and independent of the authority conferred by section 1346(f) of this title.[28]

"If the United States follows this path, 'the jurisdiction of the district court shall cease' under the QTA."[29]

While the Amended Partial Disclaimer may be inconsistent in minor ways with the relief sought in the Complaint, the United States and Kane County say they are in full agreement. The agreement will be consummated when (a) the disclaimer is confirmed and (b) Kane County dismisses its claims. SUWA advances no persuasive authority or argument for jurisdiction being retained or why the Amended Partial Disclaimer should not be confirmed.[30] Therefore, the Amended Partial Disclaimer will be CONFIRMED; and if Kane County files a Rule 41 notice, this case will be dismissed. All pending motions will be moot.

### 1.2 A proposed intervenor has no right to object to the parties' agreed resolution of a quiet title case.

After the United States filed the Partial Disclaimer, SUWA filed a Motion to Intervene.[31] SUWA seeks intervention to file a motion to dismiss,[32] and also to contest Kane County's title and scope claims.[33] The motion was fully briefed in light of the original disclaimer.[34] An order

---

[28] 28 U.S.C. § 2409a(e).

[29] *Rio Grande*, 599 F.3d at 1185–86.

[30] SUWA's April 2 Memo at 6-7. SUWA does make an argument disregarding the clear language of §2409a(e) that a disclaimer may be of "all interest in the real property or interest therein" clearly authorizing a disclaimer of less than all the federal interest in all the disputed property.

[31] Motion to Intervene as of Right and Memorandum in Support ("Motion to Intervene"), docket no. 30, filed December 22, 2025.

[32] *Id*. at 1.

[33] SUWA's April 9 Memo at 2.

[34] Defendant United States' Response to SUWA's Motion to Intervene, docket no. 45, filed January 26, 2026; Plaintiffs' Opposition to Motion to Intervene, docket no. 47, filed January 26, 2026.

granting SUWA's intervention was entered[35] but withdrawn after the court became aware of the United States' Amended Partial Disclaimer which closely matches the claims in the Complaint.[36]

SUWA continues to assert a right to intervene. SUWA's sought-after intervention cannot be granted without jurisdiction and will be inconsequential after Kane County's promised voluntarily dismissal.[37] In a similar circumstance, the Ninth Circuit affirmed a disclaimer and dismissal, mooting a proposed intervenor's motion to enter the case.[38] "Once the [defendant] United States filed its disclaimer of the land claimed by [plaintiff] Leisnoi, the plain terms of §2409a(e) deprived the district court of jurisdiction. It was required to dismiss, and did so. There remained no controversy in which Stratman [the proposed intervenor] could intervene."[39] That this case involves the additional step of the Plaintiff dismissing its claims makes no difference in the outcome.

## 2   ORDER

IT IS HEREBY ORDERED that Plaintiffs' Unopposed [sic] Motion to Confirm Amended Partial Quiet Title Act Disclaimer is GRANTED.[40]

---

[35] Memorandum Decision and Order Granting Motion to Intervene as of Right ("Intervention Order"), docket no. 52, filed March 13, 2026.

[36] Order Withdrawing Memorandum Decision and Ordering Memoranda, docket no. 53, filed March 16, 2026. The order describes the filing and notice sequence that required withdrawal of the Intervention Order.

[37] Kane County's April 2 Memo at 5; U.S. April 2 Memo at 3.

[38] *Leisnoi, Inc. v. U.S.*, 313 F.3d 1181 (9th Cir. 2002).

[39] *Id.* at 1184 (cleaned up).

[40] Unopposed [sic] Motion to Confirm Amended Partial Quiet Title Act Disclaimer, docket no. 56, filed March 23, 2026.

IT IS FURTHER ORDERED that:

1.      The Amended Partial Disclaimer[41] will be CONFIRMED in a separate order. [42]

2.      If Kane County files a voluntary dismissal of its Complaint within fourteen days of the filing of the confirmation order, the case will be DISMISSED; otherwise SUWA's Motion to Intervene will be resolved so that litigation may proceed as to any remaining issues for the Sand Dunes Road right of way.

Signed April 17, 2026.

BY THE COURT

_____
David Nuffer
United States District Judge

---

[41] Amended Partial Quiet Title Act Disclaimer, docket no. 51, filed March 31, 2026.

[42]

8